VILAS VS. THE MILWAUKEE AND MISSISSIPPI RAILROAD COMPANY and another.

Chap. 80, General Laws of 1858, authorizing the issue of injunctions to restrain rail road companies, in certain cases, from using lands appropriated by them for the use of their roads, until they shall make compensation therefor to the owners, applies only to cases where the rail road company has appropriated the land *without the consent* of the owner, by right of eminent domain; and not to cases where the owner has voluntarily conveyed the right of way to a company upon a promise to pay for it, which has not been fulfilled.

APPEAL from the Circuit Court for *Crawford* County. The judgment in the court below was for the plaintiff. *Finches, Lynde & Miller*, for appellant. *Wakeleys & Vilas*, for respondent.

By the Court, COLE, J. It seems to us impossible to sus- May 15. tain this suit upon the theory of the complaint. It is an application for an injunction under the statute, on the ground that the railroad company has failed to make compensation for property taken for the use of the road.

But the great difficulty with the case is, that it appears that the respondent sold the property to the company, and that his title has vested in the company by virtue of a conveyance made by his appointment. The legal title of the property was in trustees, who conveyed the respondent's interest to the company at his direction and request. This is a conceded fact in the case. And the evidence establishes, beyond all controversy, the further fact, that the corporation agreed to pay the respondent for his interest thus conveyed, a thousand dollars in the stock of the company. It is claimed that the company never delivered to him, nor to any one for him, the stock, until it had become nearly worthless, and therefore that he is not now obliged to receive it, but is entitled to compensation in money to the value of one thousand dollars of the stock at the time the conveyance was made. Assuming this to be a correct position, we are still unable to perceive upon what ground an injunction against the company can be sustained. Concede that the company failed to deliver the stock as it agreed, and that the respondent has a good cause of action for the non-performance of the agreement: still this does not entitle the respondent, either under the statute or upon well established principles of equity, to an injunction, to restrain the company from running its cars over lands which have been conveyed to it. The statute evidently refers to a case where the company, by right of eminent domain, enters upon land and appropriates it to the use of its road, without making compensation, which proceeding is, in its nature, *in invitum*.

Where a railroad company takes or appropriates any lands or real estate "*owned by or belonging to any resident of this state*," who may be entitled to compensation, &c., which the company refuses, &c., to make, then the statute authorizes the person so entitled, by injunction, to restrain the company from running its cars over the land thus taken. But it is the "owner" of the land whose property has been taken and appropriated to the use of the company without compensation and against his will, who is entitled to this extraordinary remedy by injunction. The statute could not have intended to give a party who had voluntarily conveyed his land to

January Term, 1862.

VILAS
v.
MIL. & MISS. R. R. Co. et al.

the corporation, the right to an injunction to restrain the running of cars over their road, as a means of enforcing the payment of the purchase money. Such, we are confident, could not have been the design of the legislature in enacting chap. 129, R. S.; and it is under the provisions of that law that the injunction in this case is attempted to be sustained.

It was contended on the argument, that this case came within the principles laid down in *Davis v. The La Crosse & Milwaukee R. R. Co.,* 12 Wis., 16. A slight examination will show that the two cases are essentially different. Davis was the acknowledged owner of the land on which the com pany had constructed its road. He had a perfect right to its use, occupation and enjoyment. He had never parted with the title. The company took the real estate under its charter, and permanently used it for about eighteen months, without making compensation. Under these circumstances, we held that the company should either make compensation or cease to use the land. But here no such conditions exist. The respondent has voluntarily parted with his title. He is no longer owner of the land, and could not claim the right to use and occupy it as his property. If the company has neglected to pay him, he must resort to the usual remedies to collect the consideration money. But it would be very harsh to interpose by an injunction to restrain the company from using its road, as a means to enforce its payment. Even in the recent case of *Pettibone v. The La Crosse & Milwaukee R. R. Co.,* decided at the last term, 14 Wis., 443, we held that where the company entered upon a person's land, at his instigation, and upon his verbal promise to give the right of way, the injunction should be denied; that by such conduct on the part of the owner, the company might naturally be thrown off its guard, and neglect to take the steps necessary under its charter to obtain the right of way. But this is a far stronger case; for instead of inviting the company to enter upon the land, and appropriate it under a promise to give the right of way, the respondent has given a deed of the premises.

It follows from these views that the judgment of the circuit court must be reversed, and the cause remanded with instructions to dismiss the complaint.