DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD Co.
et al.

field R. (Me.,) 224; *Preble vs. Reed*, 5 Shep., 169. If, however, the proposition insisted upon by the counsel for the appellant be sound, that the owner of the land at the time it is flowed, can alone recover for past and future damages, and that his grantee takes the property subject to the easement, then it is very evident that such grantee has no right to the profits and use of the land overflowed. Here the respondent alleges, not only that he is the owner in fee, and actually possessed of the land, but further, that he is entitled to the use and profits of the same. By the demurrer it is admitted that this allegation is true, which wholly negatives and rebuts the presumption, that the respondent took the lands overflowed subject to any easement whatever. If it be true that the taking is complete when the land is first overflowed, and that the rights of the then owner to so much land as is overflowed, are thereby divested, then it is very clear, in view of the allegations of the complaint, that the respondent must have been the owner of the land when the dam was erected. But as the question as to whether a subsequent purchaser can maintain an action under the statute for damages sustained by him for keeping up a dam after he became possessed of the land overflowed, even though the dam was erected before he purchased the property, is not fairly raised by this demurrer, it will not be decided, or further noticed.

We are of the opinion that the complaint set forth a good cause of action, and that the demurrer was properly overruled.

The order overruling the demurrer is affirmed.

---

DAVIS, vs. THE LA CROSSE AND MILWAUKEE RAILROAD COMPANY, SELAH CHAMBERLAIN, and the MILWAUKEE AND MINNESOTA RAILROAD COMPANY.

A complaint, filed in November, 1858, against a railroad company and its lessee, alleged that the defendants had taken and appropriated for the road-bed

and other uses of said company, certain real estate of the plaintiff (who was a resident of Wisconsin) without his consent, and had failed, for more than six months after such taking and appropriation, to pay to the plaintiff any compensation therefor, or to take any steps to have the amount of compensation due him therefor assessed; and demanded that the damages to said land, caused by the use and occupation thereof by the defendants, should be assessed, and said railroad company be adjudged to make compensation to the plaintiff for such damages, and that in the meantime and until such compensation were made, the defendants should be enjoined from running cars over said land : *Held*, that the complaint did not contemplate a recovery of damages as for a trespass *quare clausum fregit*, but the assessment of a compensation for the land so taken; and a judgment rendered in such action for damages as for a *trespass* upon the plaintiff's land, was erroneous : *Held also*, that such judgment could not be permitted to stand as a compensation for the land taken, it appearing from the pleadings, that there were divers persons holding mortgages upon said land, who had not been made parties to the suit, but were necessary parties in any proceeding to obtain such compensation : *Held further*, that upon the case presented in the complaint, the plaintiff was entitled, under the statute of 1858, to an injunctional order, restraining the said company and all claiming under it, from running cars or locomotives upon said land of the plaintiff, or using the same in any manner, until such compensation, together with costs, &c., should be paid to the person entitled thereto.

Jan. Term, 1860.

———

DAVIS
v.
THE LA CROSSE & MISSISSIPPI RAILROAD CO. et al.

APPEAL from the Circuit Court of *Columbia* County.

The complaint of *Davis*, the plaintiff below, which was filed in November, 1858, alleged that he was a resident of the state of Wisconsin : that during the summer and fall of 1856, and the following winter and spring, the *La Crosse and Milwaukee Railroad Company* entered upon certain real estate, of which the plaintiff was seized in fee, of the value of $5000, being lots 3 and 14 in block 3, in D. H. & T.'s addition to the city of Portage, and eleven acres adjacent (particularly described), and located their railroad through said property, using a strip off of said lots, and a strip of land, one hundred feet wide, through said eleven acres, for the purpose of grading and laying their track, and at the same time, without any certificate in writing of the chief engineer, signed by him and recorded in the office of the register of deeds of the county, taking and occupying the whole of said lots, and portions of said eleven acres, beyond the limits of one hundred feet in width, for the purpose of side tracks, &c., and carrying away therefrom large quantities of earth, rock, &c., whereby they destroyed the value of said lands, and caused the plaintiff damage to the amount of $5000 ;

Jan. Term,
1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD Co.
et al.

that said railroad company, and the defendant *Chamberlain*, who has held said road as lessee of the company since September, 1857, still continued to use said land for said railroad track; that said railroad company was insolvent; that when said company first entered upon said land, he hoped they would, in a reasonable time, pay him the damages sustained by him in the premises, and he had frequently since applied to them to do so, but they had always refused to pay the same, notwithstanding they had, for about eighteen months, taken and appropriated said land, by making and laying their track thereon, and taking therefrom earth, &c., and during all that time had been running trains of cars and locomotives over the same, and still continued to do so. The complaint also stated that said railroad company had never, before or after they entered upon said land, offered to pay the plaintiff for the same, nor had they ever made or offered to make any agreement with him as to the value of said land, and compensation therefor, or taken any steps to ascertain the damages of the plaintiff, or the value of said land at the time it was so taken, or at any other time, but had taken the said land for their own use, and the use of the said lessee, without making or offering to make, and as plaintiff believed, without intention to make any compensation therefor; wherefore the plaintiff demanded, that the damages to his said lands, caused by the use and occupation thereof by the said railroad company and the defendant *Chamberlain*, be ascertained or assessed, and that said railroad company might be adjudged to make compensation to the plaintiff, for such damages; and that in the meantime, and until such compensation were made, and the costs and all reasonable charges in this action were paid, the said railroad company and their agents and the said *Chamberlain* and his agents, might be enjoined, and restrained, by an injunctional order of the court, from running cars or locomotives on the said real estate of the plaintiff, and from using said real estate in any manner for the purposes of the said railroad company or their said lessee, .and that the plaintiff might have such other relief as his case should require. The complaint was verified.

After service of the complaint, the *Milwaukee and Minne-*

Jan. Term,
1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD Co.
et al.

*sota Railroad Company* became the owner of the La Crosse and Milwaukee railroad and its appurtenances, and was made a defendant to the action, by a supplemental complaint. The answer of the *Milwaukee and Minnesota Railroad Company*, admitted the location of the track of the railroad through the plaintiff's land, but denied any information sufficient to form a belief, whether there was an engineer's certificate on file in the office of the register of deeds of Columbia county, or information sufficient to form a belief, as to the value of the plaintiff's land taken and used by said company, or as to the amount of damage done thereto. The answer further stated, that the land and lots mentioned in the complaint, were mortgaged for nearly or quite the full value thereof, and the title, if any, of the plaintiff, was liable to be wholly cut off by the foreclosure of said mortgages; that said lots three and fourteen were part of forty acres, upon which a mortgage was executed on the 10th of April, 1854, by one *Dunn* to the *L. & M. R. R. Co.*, for $5000, and recorded the next day, in the office of the register of deeds in said county, which mortgage was assigned by the company, and was then outstanding and unpaid; that there was another mortgage on said lots three and fourteen, (together with lots four and thirteen in the same block), by the plaintiff to said *Dunn*, for $360, recorded in the proper register's office, on the 24th of June, 1856, and held by one Clark, and unpaid, and a mortgage upon the eleven acres described in the complaint, held by one Barden, recorded in said register's office, on the 3d day of February, 1858, on which was due about the sum of $900; wherefore the defendant prayed the court that if it should render any judgment in the action, in favor of the plaintiff, it should be so framed as to protect the interest of all concerned, so that the defendant, upon complying with the terms thereof, would acquire a perfect title to any of said land adjudged to have been taken, and not be liable to be vexed by further suits in regard to the same. The answer was verified.

The plaintiff filed a reply to said answer, stating that he had no information sufficient to form a belief, whether said *Dunn* ever executed a mortgage for $5,000 upon said forty

Jan. Term,
1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD Co.
et al.

acre tract, but if such a mortgage was made, it was given in exchange for the stock of said company and was void; that he held said lots by a warranty deed from said *Dunn*, and that there was a portion of said tract still owned by said *Dunn*, worth more than sufficient to satisfy the amount of said mortgage; that he admitted the existence of the two other mortgages referred to in the answer, but was willing, as he had at all times been, that so much of the damages caused by the taking of his said lots of land by the defendants, as might be necessary for that purpose, should be applied to their payment.

The cause was tried by the court, without a jury, and before the introduction of any evidence, the defendants, by their counsel, insisted that inasmuch as it appeared by the pleadings, that the premises in question were incumbered by mortgages, the holders of which were not parties to the suit, the court could not proceed to a determination of the action or grant the relief prayed for by the plaintiff, until such incumbrancers were made parties thereto; which objection, as to defect of parties, the court overruled, giving as a reason for overruling the same, "that this was simply an action of trespass, coupled with an application for an injunction under the statute of 1858; that the mortgagees were not necessary parties, and that the incumbrances could in no wise affect the right of the plaintiff to recover, or the amount of his recovery," to which decision the defendant then and there excepted.

The plaintiff then introduced proof of title to the lots and land described in the complaint, and evidence tending to prove the other matters in the complaint alleged.

The defendant then offered to read in evidence the three mortgages mentioned in the answer, and also another mortgage, executed by the plaintiff to one *Walbridge*, on the said eleven acres and certain other property, dated August 7th, 1857, for the sum of $1,200; to the reading of which mortgages the plaintiff objected, and the court sustained the objection, and the defendant excepted.

The finding of the court as to the damages sustained by the plaintiff, was as follows: "That the value of said elev-

en acres of land, at the time the railroad track was graded and laid through it, was $300 per acre; that the amount of land actually included within the strip of one hundred feet in width occupied for the purpose of said track, is two and a half acres; that the said land remaining after the laying of the track, was of the value of $50 per acre; that the actual damage to the said eleven acre tract, by the grading and laying of said track and the use thereof for running trains of cars and locomotives, was $2,850.; that the value of said lots before and at the time of laying said track across the same, was $1,000; that the value of the same immediately thereafter was $50; that the whole amount of damage to said lots was $950."

As to the other material facts alleged in the complaint, the finding of the court was in favor of the plaintiff, but it does not seem necessary to state it at further length. The court found as conclusions of law, "that the *La Crosse and Milwaukee Railroad Company* was guilty of trespass in grading and laying the said railroad track through the said land and premises of the plaintiff, and running locomotives and trains of cars over the same; that they are liable to a judgment in this action for the amount of the damages above found, together with interest to this date, amounting in all to the sum of $4,498; that under and by virtue of the statute in such case made and provided, the said La C. & M. R. R. Co, its officers, &c., and said M. & M. R. R. Co., its officers, &c,, are liable to be enjoined and restrained from running cars or locomotives over the said real estate of the ʼplaintiff, until such damages, &c., with the plaintiff's costs in this action, are paid to the plaintiff." To each finding of facts and conclusion of law, the defendants excepted. Judgment was entered in accordance with the said finding of facts and conclusions of law.

*Emmons, Van Dyke & Hamilton,* for appellant:

I. The circuit court was manifestly in error in supposing that this was an action of trespass. If this be an action of trespass, then, notwithstanding the plaintiff has recovered a judgment commensurate in amount with the whole value of the land taken, and the damages to adjacent lands, upon the

Jan. Term, 1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD CO.
et al.

Jan. Term,
1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD CO.
et al.

notion, as the whole case shows, that the occupation gained by the trespass was to be continued and perpetual, he may, nevertheless, still maintain ejectment, for there is no rule that a recovery and satisfaction for trespass to the realty, works a change of title, as in trespass or trover for personal property. The allegations of the complaint, the prayer for relief, and the statute upon which the action is professedly based, show that the object and scope of the action is not the recovery of damages as for a technical trespass *quare clausum fregit*, but to establish the measure of *compensation* to which the plaintiff is entitled, by reason of the taking and appropriation of his land to the exclusive and perpetual use of the railroad company ; such compensation as, when made to the parties thereto entitled, would vest a title in the corporation. We submit that this action, if at all maintainable, can be so only as one in its nature upon an implied assumpsit, springing from the duty of the corporation to make just compensation for the property which it has taken for public use.

II. The present action cannot be maintained. The charter of the La C. & M. R. R. Co. provides a mode and means of ascertainment of damages in such cases, and the statutory remedy thus given excludes all other remedies. Redfield on Railways, 173, § 19 and notes ; id., 157 ; Pierce on Am. R. R. Law, 168, and note 1 ; id., 230 ; 1 Am. Railway Cases, 162, and note 1, p. 166. [Counsel here cited the original charter of the company, and various other statutes, for the purpose of showing that there was an existing statutory remedy open to the plaintiff when he commenced this suit.]

III. There is a fatal defect of parties in this case. The premises, for the taking of which compensation is sought, were, as appears by the pleadings, largely incumbered by mortgages. Evidence of the existence and amount of the mortgages, was offered by the appellants, and rejected by the court below, for the reason that it was "simply an action of trespass." Call the action what you will, it is, in its nature and consequences, a proceeding to condemn the estate to public use, upon satisfaction of the recovery; and because the incumbrancers by mortgage are interested in the question

of condemnation, they are *proper* parties; and because the recovery is to be for the damage to both estates, the legal as well as the equity of redemption, and because the mortgagees would not be otherwise bound, they are *necessary* parties; and the appellants have a right to demand, before they are compelled by the judgment of the court to pay compensation for right of way, that all parties interested in such compensation, or who may be entitled thereto, shall be brought in, that they may become estopped by the record from setting up hereafter the same claim. Upon this point counsel cited, *Hall vs. Nelson,* 14 How. Pr. R., 32; *Denton vs. Nanny,* 8 Barb., (N. Y.) 618; *Kidd vs. Dennison,* 6 Barbour, 9; *Fitchburg R. R. Co., vs. Boston & M. R. R.,* 1 Am. R. Cases, 526-7; *Davidson vs. Boston & M. R. R.,* id., 542; *Scott vs. Nicoll,* 3 Russ., 476.

Jan. Term, 1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD Co.
et al.

*Alva Stewart* and *I. Holmes,* for respondent, contended, that by the statutes in force, the railroad company was the only party that could procure the appointment of commissioners, or apply for the assessment of damages; that nothing could be done by the person whose land was taken, until the company took the initiative; that the mortgagees were not necessary parties; that the court could determine the controversy between the parties before it, without prejudice to the rights of others; that after the foreclosure, neither the mortgagee nor any other purchaser could maintain an action for the damages sought to be recovered in this case, and if, in the meantime, an easement had been acquired in the land, they would take it subject to such easement, citing Rev. Stat., 1858, p. 715, §§ 18 to 22 inclusive; 15 Conn., 556; 15 John., 205; 14 id., 213; 11 id., 538; 4 id., 42; 5 Iredell Law R., 306; 2 Am. R. Cases, 415; Story's Eq. Pl., § 72.

They also contended that the objection for want of parties was not properly raised; that it is not enough to make a statement of facts in the answer which might show a want of parties, but the answer should distinctly specify the objection; the language of the statute being, that "the objection may be taken by answer;" and finally, that whatever view might be taken of the other questions in the case, the

Jan. Term, 1860.

DAVIS
v.
THE LA CROSSE
& MISSISSIPPI
RAILROAD CO.
et al.

June 4.

proceeding was good, under the act of 1858, for the purpose of an injunction.

*By the Court,* COLE, J. If we correctly understand the complaint in this case, it had in view two objects; first, to obtain that legal and constitutional compensation which the respondent might be entitled to receive, by reason of the taking and permanent appropriation of his land by the railroad company; and second, to obtain an injunctional order, under chapter 80, Session Laws of 1858, enjoining and restraining the railroad company, its officers, agents, and all persons claiming under the company, from running cars or locomotives over the land thus appropriated, until this compensation, and all costs are paid. Such appears to us to be the object and purpose of the action. We therefore cannot adopt the view taken of the case by the circuit court, and hold that it is "simply an action of trespass, coupled with an application for an injunction under the statute of 1858." This notion that the suit is instituted to recover damages for trespass *quare clausum fregit,* is decisively refuted by the allegations of the complaint. It alleges in substance that the railroad company, or those claiming under it, have taken possession of the respondent's land, (describing it); have located their railroad through and over it; are now using and occupying it, and running their cars &c., over the same; and states that the land thus taken is of the value of five thousand dollars. In the prayer for judgment, the respondent asks that the damages to his land, caused by the use and occupation of the same by the railroad company, be ascertained and assessed, and that the company may be adjudged to make compensation for such damages. These and other allegations in the pleadings, which might be referred to if necessary, fully and clearly show, that the action is not for a trespass *quare clausum fregit,* but that one of the objects of the suit was to obtain compensation for the property taken by the railroad company. Such being the case, it follows that the judgment recovered in the circuit court, for damages as for a trespass upon the respondent's land, cannot be sustained. Neither do we think that the judgment can be per-

mitted to stand as a compensation for the value of the land taken. Assuming for the purposes of the case, that the respondent would not be confined to the statutory remedy, given by the charter and the various acts amendatory thereof, but might proceed in this manner to have his land condemned to the use of the company, and obtain compensation therefor, then it is obvious that all parties interested in the land, or who may be entitled thereto, should be brought before the court, so that they will be bound by the judgment and proceedings. In this view, the objection that there was a defect of parties, would seem to be insuperable. We therefore feel compelled to reverse so much of the judgment of the circuit court, as relates to damages for wrongs and injuries to the land and real estate of the respondent. But the complaint shows that the respondent is entitled to an injunctional order, under the statute of 1858, and we therefore affirm so much of the judgment of the circuit court, as enjoins and restrains the company, and all claiming under it, from running cars or locomotives on the land and real estate of the respondent described in his complaint, and taken and appropriated by the company, and from using such land or real estate for the purposes of said railroad company, in any manner whatever, until compensation, together with the costs and reasonable charges of the injunction and the proceedings therein, shall be fully paid over to the persons entitled thereto. It appears from the complaint, that the land and real estate had been permanently appropriated to the use of the company for about eighteen months, at the time the suit was commenced, and the company should either make due and just compensation for the property, or cease to use it altogether.

The judgment of the circuit court is therefore reversed in part, and affirmed in part, in conformity to this opinion, but without costs to either party.

Dixon, C. J., having been of counsel in the case, was absent.

Note. The act of 1858, referred to in the text, was approved May 10th, and its first section was as follows: "In all cases where at the time of the passage of this

*[margin: Jan. Term, 1860.*

*Davis v. The La Crosse & Mississippi Railroad Co. et al.]*

Jan. Term, 1860.

Ross
v.
Supervisors Outagamie County.

act, any railroad company in this state shall have taken or appropriated, or where any such company shall take and appropriate, for right of way, depot grounds, or for the use of such company in any manner whatever, any lands or real estate owned by any person resident in this state, and for which such person is or may be entitled to compensation from such railroad company, and such company shall have failed, neglected or refused, for six months after having taken and appropriated the same, by making and the laying of its track thereon, to make and pay such compensation to the person entitled thereto, the person so entitled, may, by writ of injunction or order, enjoin and restrain such railroad company, its officers &c., from running cars or locomotives over the land or real estate so taken or appropriated, and from using such land or real estate for the purposes of said company, in any manner whatever, until compensation, together with costs, &c., shall be fully paid over to the person entitled thereto."—*Rep.*