June Term,
1861.

PETTIBONE vs. THE LA CROSSE & MILWAUKEE RAILROAD
COMPANY and others.

PETTIBONE
v.
LAC. & MIL. R.
R. Co. et al.
14      443
18 US   100
46 Led  824

Where a railroad company altered the location of its road, and placed the track upon the land of the plaintiff at his request and upon his promise to give the company the right of way, he cannot, after the road is built, have an injunction to restrain the company from using the track across his land until they shall make compensation for his damages, although his promise was not made in such a form as to be binding upon him in law; and although the facts might not be sufficient to justify a decree against him for a specific performance of his promise.

The granting or refusing of injunctions rests in the sound discretion of the court, and they will not be granted where they are against good conscience, or productive of hardship, oppression, injustice or public or private mischief.

Although the inconvenience which might result from granting an injunction is not a sufficient ground for denying it, where the party asking it has not unreasonably acquiesced in, or did not originally invite the act of which he complains, yet where either of those facts did exist, the inconvenience which would result from an injunction adds great force to the reasons for its refusal.

While the mere inaction, for a time, of the owner of land taken by a railroad company for its use, should not be too strongly construed into acquiescence (in view of the decisions sustaining the right of the company to enter for purposes of preliminary survey, location, &c.), yet where it appears that the owner invited the company to enter upon his land, and promised to give it the right of way, it may be fairly assumed that the company neglected, in consequence of such acts, to take the steps necessary to acquire the right of way; and whatever may be the rights of the owner at law, he should not be allowed to impose upon the company, or upon the public, the inconvenience of an injunction.

Where a special remedy is given by the charter of a railroad company, to recover compensation for private property taken for the use of the company, that remedy only can be pursued.

APPEAL from the Circuit Court for *Columbia* County.

The nature of this action is stated in the opinion of the court. The complaint, which was filed in January, 1860, after stating the unlawful appropriation of the plaintiff's land to the use of the railroad company, and that no compensation had been made therefor, demanded that the damages which he had sustained might be assessed, and the defendants be adjudged to pay the same, and that in the mean time and until such compensation were made, the defendants should be enjoined from running cars over the land. The answer alleged, among other things, that "if the premises were

June Term, 1861.

PETTIBONE
v.
LaC. & MIL.
R. R. Co. et al.

entered upon, taken or used as in the complaint alleged, the same was done with the acquiescence and consent of the plaintiff."

After the evidence on the part of the plaintiff was closed, both parties insisted that the court should assess the damages which the plaintiff had sustained; but the court decided that it could not do so under the decision of this court in *Davis vs. La Crosse & Milwaukee Railroad Co.*, 12 Wis., 16, and both parties excepted. The evidence introduced by the defendants in support of their answer is sufficiently stated in the opinion of this court. The case was tried at the March term, 1861, and submitted upon an agreement that it might be taken under advisement and be decided as of that term, but the judgment was rendered on the 21st of April following. The court found that the plaintiff's land described in the complaint had been taken by the railroad company and appropriated for its use more than three years before the commencement of the suit, and that no compensation had been made therefor to the plaintiff, and granted an injunctional order according to the prayer of the complaint. The finding of the court was silent as to the question whether the entry and appropriation by the railroad company had been made with the plaintiff's consent. A motion for a new trial on the ground that the judgment was contrary to law and the evidence, was overruled, and exceptions taken.

*Cary & Pratt*, for appellants:

1. The plaintiff gave the railroad company a parol license to enter upon and use the premises in question, and promised to give the right of way across the same. The company acted upon the plaintiff's agreement, changed the location of their road, and made large expenditures in building it through the plaintiff's land, and will be greatly injured if the plaintiff may now repudiate the agreement. On this ground the injunction should have been refused. 9 Wis., 166; 2 Story's Eq. Jur., §§ 758–769. 2. There was no proof that the license given by the plaintiff to the company was ever revoked. The company was not a trespasser. *New Albany & S. R. R. Co. vs. Connelly*, 7 Ind., 32; *Embury vs. Conner*, 3 Coms., 511; *Burns vs. M. & M. R. R. Co.*, 9

Wis., 450; *Connehan vs. Ford*, id., 240; Redfield on R., 510; Welford on R., 9, 10, 410–11.   3.   A parol license to occupy and use real estate is sufficient, and when for permanent use it is accepted and large expenditures made under it, it cannot be revoked.   *Ricker vs. Kelly*, 1 Me., 117; *Clement vs. Durgin*, 5 id., 9; *Winter vs. Brockwell*, 8 East, 309; *Addison vs. Hack*, 2 Gill, 221; *Wilson vs. Chalfant*, 15 Ohio, 248; *Le Fevre vs. Le Fevre*, 4 S. & R., 241; *Strickler vs. Todd*, 10 id., 63, 74; *Rerick vs. Kern*, 14 id., 267; *Pierrepont vs. Barnard*, 2 Seld., 279.

<span style="float:right">June Term<br>**1861.**<br><br>PETTIBONE<br>v.<br>LaC. & Mil. R.<br>R. Co. et al.</span>

*John T. Clark*, for respondent :

1.  A grant of land to a railroad company for its railway gives a permanent interest in and a right to the exclusive possession of it.   Such an interest and right cannot be transferred by parol.   R. S., chap. 106, sec. 6; *Cook vs. Stearns*, 11 Mass., 533; *Mumford vs. Whitney*, 15 Wend., 380; *Miller vs. The A. & S. R. R. Co.*, 6 Hill, 61; 7 Johns., 205; 4 id., 80; 5 id., 271; 9 id., 35; 1 Johns. Ch. R., 143; 4 East, 107; 2 Wis., 250; 3 Chand., 117; 6 Vt., 387; 7 Taunt., 383; 17 Conn., 412; 4 Sandf. Ch., 72; 2 Barb. Ch., 221; 11 Ill., 157; 5 Barb., 378, and cases cited; 31 id., 548; 23 Conn., 214.   2.  A license is a temporary privilege to enter upon land and do an act or series of acts, is revocable at pleasure, and gives no right to exclusive possession.   3 Kent's Comm., 452; Burr. Law Dic., title "License;" *Mumford vs. Whitney*, 15 Wend., 380.

*By the Court*, PAINE, J.   This action was brought to enjoin the defendants from running their cars across the plaintiff's land, upon the ground that no compensation has been made for the land.   The counsel for the appellants contended that the decision of this court in the case of *Davis vs. The La Crosse & Milwaukee R. R. Co.*, 12 Wis., 16, should be overruled, and that no injunction should be granted to restrain a railroad company from running their cars over any land upon which they had built their track, until it appeared that the compensation for the land had been legally ascertained.   It was said that either party, the owner of the land as well as the company, could move in that matter and have

<span style="float:right">December 11</span>

June Term, 1861.

PETTIBONE
v.
LaC. & MIL. R.
R. Co. et. al.

the compensation fixed, and therefore if he did not do that he ought not to be allowed to enjoin the company from using his land. But if there had been no change in the law, we should adhere to the decision in the *Davis* case, upon the ground that it was for the company to take the initiative, when it wished to appropriate the land of another, and did not devolve upon the owner to set in motion the proceedings designed to divest him of title. But at its last session the legislature enacted that the owner might in all cases proceed to cause the damages to be assessed, and that no injunction should issue until they were assessed. Chap. 175, Gen. Laws of 1861. What is the effect of this act upon the question, the conclusion to which we have come in this case makes it unnecessary for us to determine. Whether it infringes in any degree upon the constitutional right of the citizen to have his property or the compensation for it, or is a regulation of the mode of proceeding in such cases which the legislature may legitimately enact, is a question that can be settled upon argument when it necessarily arises.

But we have come to the conclusion that independently of the effect of this statute and of the decision in the *Davis* case, there were good grounds for denying the injunction in this case. We think a decided preponderance of the evidence shows that the company altered the location of its road and ran the track where it now is upon the plaintiff's land, at his instigation and upon his promise to give them the right of way. This being so, it is a good answer to his application for an injunction, whether his promise was made in such form as to be binding upon him in law or not. His counsel argued the case upon the theory that if such promise was void under the statute of frauds, then it could have no weight in determining the plaintiff's right to an injunction. But this by no means follows. Such a conclusion would be entirely repugnant to all the reasoning upon which a part performance of a parol contract for the sale of lands, which is void under the statute of frauds, is held to take the case out of the statute. In such cases courts of equity not only refuse to interfere in behalf of the party who seeks to rely on the statute, but actually interfere against him, and compel him

to perform the contract, and this upon the ground that to allow him to set up the statute would operate as a fraud upon the other party, and leave him liable to an injury for which he could not be properly compensated. We do not say that the facts disclosed here would be sufficient to justify a specific performance against the plaintiff, nor that they would not. But whether they would or not, we think them fully sufficient to justify a refusal of an injunction in his behalf, which may be refused upon slighter grounds than would be required to enforce a specific performance against him. An injunction is an extraordinary remedy, and as was said by this court in *Sheldon vs. Rockwell*, 9 Wis., 180, the granting or refusal of it "rests in the sound discretion of the court. They are never granted when they are against good conscience or productive of hardship, oppression, injustice or public or private mischief." The authorities cited in that case show that they will not be granted where the party complaining has unreasonably acquiesced, by mere silence and inaction, in the appropriation of his property for public improvements. And how much more clearly should they be refused where the original appropriation was at his instigation and under a promise by him to give the right of way. The invalidity of an agreement at law will not prevent a court of equity from looking at it, to see whether either party is attempting to use it to work a fraud or wrong upon the other. *Blakesley vs. Johnson*, 13 Wis., 530. And the same principle is applicable to the determination of the right to an injunction.

It is undoubtedly true that considerable inconvenience might result from granting such an injunction. And although we do not consider that as a sufficient ground for denying it, where the party has not unreasonably acquiesced in, and did not originally invite the act of which he complains, yet where either of these facts did exist, the inconvenience resulting from an injunction adds great force to the reasons for its refusal. When the owner stands upon his legal rights, it is for the company to take the necessary steps to acquire the right of running over his land. And perhaps his mere inaction for a time should not be too strongly con-

June Term, 1861.

PETTIBONE
v.
LA C. & MIL. R.
R. Co. et al.

June Term, 1861.

strued into acquiescence, in view of the course of decisions sustaining the rights of companies to enter preliminarily for purposes of location, survey, &c., before making compensation. But where it appears that the party invited them to enter, and promised to give the right of way, it may fairly be assumed that the company neglected, in consequence of such acts on his part, to take the steps necessary to obtain the right. And that being so, whatever may be his rights at law, he ought not to be allowed to impose on the company or on the public the inconvenience of an injunction.

The court below properly refused to go into the question as to the amount of compensation. The mode prescribed by the charter is the only way of arriving at that.

But for the reasons already stated, the judgment of the circuit court is reversed, with costs.