Kaukauna Water Power Company, Respondent, vs. Green Bay & Mississippi Canal Company and others, Appellants.

*December 5, 1889 — January 7, 1890.*

| | |
|---|---|
| 75 | 385 |
| 75 | 402 |
| 75 | 385 |
| 107 | 336 |
| 107 | 508 |
| 75 | 385 |
| 112 | 21 |

*Parties: Injunction: Diversion of water: Riparian owners.*

In an action by a riparian owner to restrain the diversion of water from his lands, other adjoining riparian owners are not necessary parties.

APPEAL from the Circuit Court for *Outagamie* County. The complaint, so far as it need be stated, alleges in substance that the Fox river is a navigable stream; that at a certain point in Outagamie county, where said river flows nearly east, it is divided into several channels by four islands, numbered respectively 1, 2, 3, and 4; that the stream at that point is of large volume, and in a state of nature about one half of the flow thereof passed through the channel between the south bank of the river and island No. 4; that, a short distance above the mouth of said channel, a dam had been constructed for the purpose of improving the navigation of the river, which dam is owned and maintained by the United States government; that from a point about twenty-five rods above the dam down to the slack-water below said islands there are rapids in the river, and a fall of at least thirty-six feet, not including the head of about nine feet raised by said dam; and that the flow and fall of the water down each of the channels

of the river furnishes, or is capable of being utilized in the creation of, a great amount of water power, which is very valuable.

The complaint further alleges that the plaintiff is the owner of the entire south bank of the river from a point about seventy-five rods above said dam down to a point below the said rapids, and of the undivided three-fourths of the entire bank of island No. 4 and of one half of the bed of the stream and channels adjacent to said banks; that a canal has been constructed along the north bank of the river from the pond raised by the dam aforesaid, extending nearly one mile down the stream along its north side to the slack-water below the islands and rapids; that said canal was built for the purpose of improving the navigation of the rapids and river, and is of such dimensions as to pass or carry down fully one half of the water of the river above or over what is necessary for navigation, and that the United States government is the owner and in possession of said canal, using it for the purposes of navigation and as a part of the so-called "Fox & Wisconsin Rivers Improvement."

The complaint then alleges that the defendant the *Green Bay & Mississippi Canal Company* claims to be the owner, subject to the right of way of said canal, of the north bank of the river from the mouth of the canal above the dam down the stream for a considerable distance; that the other defendants are tenants of said canal company, each having large manufacturing establishments located between the canal and the river, which are all propelled by water leased from said canal company, and drawn through the canal from the pond raised by the dam, and discharged into the river at such points that none of the water so used and discharged can come into the channels adjacent to the banks owned by the plaintiff; that the said *Green Bay & Mississippi Canal Company* claims some right to or interest in

the said government dam and canal, or to the use of the water power created thereby in excess of what water is necessary for the purposes of navigation; "but this plaintiff alleges that said defendants have not, nor has any or either of them, ever acquired any right to take or draw any water from said canal or from the pond raised by said government dam, unless all of said water so drawn from said pond or canal be returned again to the bed of said Fox river at the foot of, or immediately below, said government dam, in such a way that said water will distribute itself over and upon the natural bed of said river as it was wont to do before the construction of said dam and canal, and thence pass down into the said channels below said dam in the same proportions as it did before the construction of said dam and canal."

The complaint then alleges that during the years 1886 and 1887, and down to the commencement of this action, the *Green Bay & Mississippi Canal Company* itself, or through its lessees, the other defendants, has taken out of the pond raised by the government dam at least one half of the water of the river, and has passed the same through the canal and the factories of its said lessees, and discharged the same into the river at such points that the same could not flow into the channels adjacent to the plaintiff's lands; that the defendants have thus unlawfully diverted from said channels, and from the plaintiff's lands, the waters of the river which ought to have flowed unto, over, and upon said lands; and that the defendants claim the right, threaten, intend, and, unless restrained, will continue permanently, to take and pass from the said pond, through the said canal and factories, at least one half of the waters of the river in excess of what is necessary for navigation, and to discharge said water into the river at such places that the same cannot flow over or upon the plaintiff's lands, "thus and thereby causing great and irreparable injury to this plaintiff, and

forever destroying its said water powers, and depriving it of the use and enjoyment of its said land, and the benefits, profits, gains, and advantages which it otherwise might and would have made and derived therefrom."

The prayer of the complaint is that the defendants be enjoined and restrained "from withdrawing or taking out of said pond raised by said government dam, or out of said government canal, any of the water of said Fox river, at such points or places or in such way or manner as that all of the water so taken out cannot and will not be returned into the main channel of said river immediately at the foot of said government dam above the mouth of said south channel;" and that the defendants be enjoined and restrained "from diverting the water of said Fox river from the said lands and premises of this plaintiff, and from using, diverting, or in any way interfering with, the water of said river, so that the same shall not flow to, upon, and over the said premises of this plaintiff as the same was wont to flow and did flow in a state of nature."

The answer, by way of plea in abatement, alleges that all the owners of riparian lands bordering upon the several channels of the Fox river, where the same pass islands Nos. 4, 3, 2, and 1, "are interested in any adjudication as to the volume of the flow of the river appurtenant to each of such channels, and as to the point where any of such waters may be withdrawn from either of such natural channels, and the point where the same should be returned to such natural channels, and are therefore interested in the result of any trial to be had herein, and have the right to litigate the question of apportionment of said stream between such different channels, and the question at what point each riparian owner may withdraw water from such natural channel, and the point at which such riparian owner must return such water to such natural channel;" that the complete determination of the controversy relative to the ap-

portionment of such stream between the several channels cannot be had without the presence of all riparian owners upon each of said channels, and upon each of said islands. The answer then sets forth the names of all such riparian owners, and their respective interests, and prays that the complaint be dismissed without prejudice, unless the plaintiff shall choose to make all such owners parties to this action.

The plaintiff demurred to the plea in abatement "because upon the face thereof it does not state facts sufficient to constitute a defense, either in abatement as pleaded, or otherwise." The demurrer was sustained, and from the order entered in that behalf the defendants appealed.

For the appellants there were briefs by *Hooper & Hooper*, and oral argument by *Moses Hooper*. They contended, *inter alia*, that the main question involved in this case is whether or not one half of the flow of the river is appurtenant to the south channel. A complete determination of that question cannot be had without the presence of all the riparian owners on the north and middle channels. R. S. secs. 2603, 2610; Bliss on Code Pl. secs. 96, 97; 1 Pom. Eq. Jur. sec. 114; Story's Eq. Pl. secs. 72, 286–7; *Caldwell v. Taggart*, 4 Pet. 190; *Ribon v. Railroad Cos.* 16 Wall. 446, 450; *Wilson v. Lassen*, 5 Cal. 114; *Jenkins v. Frink*, 30 id. 586, 595; *Teas v. McDonald*, 13 Tex. 349, 353; *Cadigan v. Brown*, 120 Mass. 493–5; *Parker v. Nightingale*, 6 Allen, 341, 349; *Ballou v. Hopkinton*, 4 Gray, 324, 328; *Hickock v. Scribner*, 3 Johns. Cas. 311, 315–6; *Williams v. Bankhead*, 19 Wall. 563, 571; *Goldsmith v. Gilliland*, 24 Fed. Rep. 154, 157; *Harrison & H. Iron Co. v. Council Bluffs C. W. W. Co.* 25 id. 170, 173; *Bland v. Fleeman*, 29 id. 669, 672–3; Pom. Rem. sec. 418. The plea in abatement was the proper course to bring them in as parties. *Mason v. Cotton*, 4 Fed. Rep. 792; *Pratt v. Lamson*, 2 Allen, 275,

287–9; *Bliss v. Rice,* 17 Pick. 23, 34, 38; Gould on Waters, sec. 402; Pom. Rip. Rights, sec. 69.

For the respondent there was a brief by *David S. Ordway,* of counsel, and oral argument by *Mr. Ordway* and *A. L. Cary.*

CASSODAY, J. It appears from the complaint that the plaintiff, as the riparian owner of the entire south bank of the river from the government dam down to the channel between that bank and island No. 4, and the entire south bank of that channel from its mouth to the foot of the rapids, including half the bed of the stream, and the equal undivided three-fourths of the entire shore or bank of island No. 4, and of the land under water to the center of the channels, entirely around the same, brings this action for the wrongful diversion of the waters of the river from said lands.

The rule of law as to the right of a riparian owner, respecting the flow of water over his land, is indicated in the authorities cited by counsel. The same principle has recently received direct sanction from the House of Lords, as follows: "It has now been settled that the right to the enjoyment of a natural stream of water on the surface, *ex jure naturæ,* belongs to the proprietor of the adjoining lands as a natural incident to the right to the soil itself, and that he is entitled to the benefit of it, as he is to all the other natural advantages belonging to the land of which he is the owner. He has the right to have it come to him in its natural state, in flow, quantity, and quality, and to go from him without obstruction, upon the same principle that he is entitled to the support of his neighbor's soil for his own in its natural state." *North Shore R. Co. v. Pion,* L. R. 14 App. Cas. 621.

In *Green Bay & M. Canal Co. v. Kaukauna W. P. Co.,*

70 Wis. 635, it was, among other things, in effect held that the surplus water power created by the dam was merely incidental to the improvement, and that the control thereof was necessary to the proper management of such improvement, and hence that the canal company was the owner thereof as a part of such improvement. The question here sought to be litigated upon the merits is as to whether such canal company is legally bound to return such surplus water to the river substantially at or near the dam, and thus enable the plaintiff, as such riparian owner, to have its share of the use thereof while passing the rapids in a body, or whether the canal company may rightfully convey such surplus in the canal to points at so great a distance below the dam before the same is returned to the river, as to deprive the plaintiff of its share of such use while passing the rapids or a portion of them. The questions suggested were elaborately discussed by counsel, but we purposely refrain from considering them upon this appeal.

For the purposes of this appeal, we shall assume that the plaintiff is entitled to have such surplus water returned to the river substantially at or near the dam, and that the canal company wrongfully conveys, or threatens to convey, the same to points at a considerable distance below the dam, and there to distribute the same to its several lessees, as indicated in the record. We also assume, as alleged by way of plea in abatement, that there are other owners of riparian lands bordering on the north and middle channels, not parties to this action, who are interested in the continuance, and perhaps the increase, of such diversion, and that there are still others, not parties, who are interested in diminishing such diversion or preventing the same altogether. Such other riparian owners might have been proper parties to this action, but it does not follow that any of them were necessary parties. They do not appear to be united in interest with the defendants nor with the

plaintiff, within the meaning of sec. 2604, R. S. Nor are they necessary parties to a complete determination of the matters involved in this action, within the meaning of secs. 2603, 2610, R. S. As indicated, the only matters involved in this action are whether the defendants, or any of them, are wrongfully diverting, or threatening to divert, waters from any of the plaintiff's lands. In the determination of this controversy, it certainly cannot be necessary to determine whether the plaintiff might have a similar controversy with any of the other riparian owners named in the plea, or whether some of them might have a similar controversy with any of the defendants. The difficulty with the contention of the learned counsel for the defendants, in respect to this plea in abatement, is that he seeks to convert the action into one for partition, wherein may be determined the proportionate share of water which rightfully belongs to the respective channels and the respective riparian owners on each channel. But such is not the nature of the cause of action alleged in the complaint, and that is the only cause of action with which we are now concerned. For a further discussion of this question, see *Grand Rapids W. P. Co. v. Bensley, post,* p. 399, in which an opinion is filed herewith.

*By the Court.*— The order of the circuit court is affirmed.