Younkin v. Milwaukee L., H. & T. Co. 112 Wis. 15.

Younkin and others, Respondents, vs. The Milwaukee Light, Heat & Traction Company, Appellant.

| | 112 | 15 |
| | 115 | 368 |
| | e115 | ²369 |

*October 17 — November 5, 1901.*

*Street railways: Eminent domain: Unlawful use of street: Remedy of abutting owners: Joinder of parties and of causes of action.*

1. Prior to the enactment of ch. 465, Laws of 1891, street railway companies had no right to condemn land in the streets of cities or villages; and where a street railway was constructed without authority in such a street the abutting owners might resort to the ordinary actions for relief.

2. The abutting owners in such a case might unite in an action to restrain such use of the street and to abate the nuisance, but could not properly join with the cause of action for such relief a claim for the recovery of damages.

Appeal from an order of the circuit court for Waukesha county: James J. Dick, Circuit Judge. *Reversed.*

This is an appeal from an order overruling a demurrer to a complaint alleging, in effect, that at the time of the commencement of the action the several plaintiffs were the owners in fee simple and in severalty of the several lots of land therein described, each lot fronting and abutting upon Lincoln avenue in the city of Waukesha, such lots having an aggregate frontage on both sides of said avenue of about 2,000 feet, being between Hartwell avenue and the eastern limits of the city of Waukesha; that the title of the respective plaintiffs to said several lots extended to the center line of Lincoln avenue, subject only to the right of the public to travel over and upon that avenue and to use the same as and for a public highway; that Lincoln avenue was the main highway in the city, and was sixty feet wide, and had been dedicated to the public as a highway, and ever since such dedication had been the main thoroughfare running through the city; that the defendant was a corporation, created and organized under and by virtue of ch. 86, and secs. 1862 and

1863 of ch. 87, of the Revised Statutes of this state, and the laws amendatory thereof and supplemental thereto, December 14, 1898; that its business was and is, under its articles of incorporation, to construct, equip, maintain, and operate street railways in the city and county of Milwaukee and elsewhere in this state, and to purchase or otherwise acquire, take, hold, and operate real and personal property, rights, privileges, ordinances, and franchises, and any other enterprise suitable for or in furtherance of the business and purpose of such corporation, as more fully appears from a copy of the articles of incorporation thereunto annexed and made a part thereof; that by virtue of such articles the defendant claims to be authorized and empowered to build and operate a street railway system, to be propelled by electric or other power, for the transportation and carriage of passengers, mail, express, merchandise, and other freight in the city and county of Milwaukee and elsewhere in this state; that in pursuance of such authority the defendant, in May, 1898, caused to be built, constructed, and equipped an electric railway from the city of Milwaukee to Pewaukee Lake, at a point about seven miles northwesterly from the city of Waukesha; that such electric railway line passed and now passes through the city of Waukesha, and in so doing traversed and now traverses said Lincoln avenue over its entire length, of about one half a mile, from the eastern limits of the city of Waukesha to Hartwell avenue; that such system and line of railway was and is of the overhead trolley system throughout its entire length, and for the operation of the same used a large copper wire, suspended about eighteen feet above the track, held in place by numerous poles twenty feet high planted upon each side of the track, from which were strung other wires to connect with and suspend such trolley wires; that such wires were at all times heavily charged with electricity for the operation of cars and trains upon said railway; that prior to August 1, 1900, the defend-

ant had but one railway track on Lincoln avenue, and
that was located in the center of that avenue, and con-
sisted of heavy T rails upon wooden ties; that since that
time the defendant moved such track and constructed an-
other additional track, of similar materials and construction,
in Lincoln avenue, and over and upon its entire length, in
the city of Waukesha; that in such construction and equip-
ment of said double-track system over and upon Lincoln
avenue a great amount of excavation of the surface of that
street had been done by the defendant, and the same has
been wholly impassable for teams or other vehicles of the
plaintiffs or the public for a great length of time, and is still
so impassable; that ever since May, 1898, the defendant
has caused said railway system to be used and operated
wholly as a commercial railway, propelling cars with pas-
sengers, baggage, and freight over its line on Lincoln avenue
every hour; that said railway line and system as operated
in no manner lessens or tends to lessen or relieve the streets
of the city of Waukesha from travel; that said railway has
been so operated wholly without the permission or consent
of the plaintiffs or any of them, and against their wishes and
protests, and without any compensation whatever to the
plaintiffs therefor, and without any right or authority of law;
that said railway so operated destroys the use of Lincoln
avenue as a public highway, and prevented and still prevents
the plaintiffs from having access to and egress from their
premises, and seriously interferes with and impairs the use
and enjoyment by the plaintiffs of their premises and homes
and business, and has and will greatly injure and depreciate
the value of the property of each of them; that by reason
of the premises the plaintiffs and each of them is made to
suffer continuously irreparable injury, and that they have
no adequate remedy at law.

"And the plaintiffs further allege that, by reason and be-
cause of the wrongful and unlawful location, construction,

and operation of said railway upon their said premises, within said Lincoln avenue, said plaintiffs have already suffered and sustained damages in the sum of five thousand dollars. And the plaintiffs further allege that the aforesaid unlawful and wrongful location, construction, and operation of said railway over and upon their said premises, within said Lincoln avenue, as aforesaid, and the maintenance of the same therein, is a nuisance to said plaintiffs and to each of them."

The complaint prays the judgment of the court that the plaintiffs have and recover of and from the defendant the said sum of $5,000 damages, which they have already suffered and sustained; that said railway tracks, ties, poles, wires, and other erections of the defendant within the limits of Lincoln avenue and upon the lands and premises of the plaintiffs, constituting the nuisance complained of, be abated and removed from said street, and from the several lots, pieces, and parcels of land of the plaintiffs, lying and being within the limits of said highway; that the defendant, its officers, agents, and employees, and successors, assigns, and lessees, be perpetually enjoined and restrained from further erecting any obstructions upon, or in any manner interfering with, the lands and premises of the plaintiffs, or any of them; and for costs.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

For the respondents there was a brief by *Tullar & Lockney* and *Clasen & Walsh*, and oral argument by *D. S. Tullar*.

CASSODAY, C. J. The defendant contends that the complaint does not state facts sufficient to constitute a cause of action. This is put upon the ground that such commercial railway, with a single track, had been constructed and operated by the defendant for two years prior to the commencement of this action, with the knowledge and acquiescence of the plaintiffs, and hence with their tacit consent, and therefore that the plaintiffs could not object to such proposed

construction of such double track, but were severally rele-
gated to their remedy by condemnation proceedings under
sec. 1852 of ch. 87 of the Statutes of 1898.   In support of
such contention, counsel cite numerous adjudications of this
court, following *Buchner v. C., M. & N. W. R. Co.* 56 Wis.
403, and 60 Wis. 264, so holding in the case of ordinary
steam railways.   The difficulty with such contention is that
this defendant was incorporated and organized under ch. 86,
and secs. 1862, 1862*a*, 1863, 1864, and 1864*a*, Stats. 1898, re-
lating specially to street railways.   Sec. 1863*a* did provide
for condemnation by such "street or electric railroad cor-
porations," but expressly "provided that nothing herein shall
apply to any street, alley, viaduct, park, or boulevard in any
city or village."   That provision was taken from ch. 175,
Laws of 1897, instead of ch. 251, as indicated in the Stat-
utes of 1898.   May 2, 1899, sec. 1863*a* was amended by
striking out the second sentence therein, and inserting in
lieu thereof, among other things, the following: "All the
provisions of subd. 6, sec. 1828, of these statutes, relative to
railroad crossings, shall apply to street and electric rail-
ways,"— but continuing therein the proviso copied above
from sec. 1863*a*.   Ch. 306, Laws of 1899.   Such were the
statutes relating to the subject of condemnation proceedings
by street railway companies when this action was com-
menced, July 26, 1900.   On the 24th day of last May, sec.
1863*a* was further amended, among other things, by declar-
ing that "all the provisions of these statutes relating to the
exercise of eminent domain by railroad companies shall apply
to street and electric railroad corporations," and adding
certain provisos.   Ch. 465, Laws of 1901.   Counsel contend
that the defendant corporation did have the right to con-
demn the lands of the respective plaintiffs in Lincoln avenue
at the time this action was commenced, and that, having
failed to do so, the respective plaintiffs had the same right,
and hence were limited to such remedy.   In support of such

contention, counsel seem to rely upon the ruling of this court in a case decided in April, 1897. *Chicago & N. W. R. Co. v. Milwaukee, R. & K. E. R. Co.* 95 Wis. 561, 571. And yet in that case, after mentioning the general nature and purpose of the defendant corporation, the opinion of the court continues:

"But with no provision for condemning lands or acquiring the right of way, nor for joining and uniting with other railways in forming crossings, intersections, and connections, nor in adjusting differences in case of disagreement, as required by statute in the case of steam railways."

This is made more plain by more recent cases in this court. *Zehren v. Milwaukee E. R. & L. Co.* 99 Wis. 83, 89, 98, 99; *Krueger v. Wis. T. Co.* 106 Wis. 103, 104; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 511, 512. The result is that the defendant entered upon Lincoln avenue and laid its single track, and then started to lay its double track, making excavations, obstructing the street, and interfering with the rights of the respective plaintiffs in passing to and from their homes and places of business, as stated, without any authority of law for such invasion of such private rights. There can be no question but that, in the absence of any statute for condemnation, the abutting owners in such a case may resort to the ordinary actions at law or in equity. *Davis v. L. C. & M. R. Co.* 12 Wis. 16; *Ford v. C. & N. W. R. Co.* 14 Wis. 609; *Powers v. Bears,* 12 Wis. 213; *Shepardson v. M. & B. R. Co.* 6 Wis. 605.

The principal object of this action is to abate such nuisance, common to all the plaintiffs, and to restrain the defendant from further erecting any such obstructions upon, or in any manner interfering with, the lands of the plaintiffs, or any of them. It is well settled in this state that, "where the erection of a nuisance will cause private and special damage to each of several persons, they have a common right to prevent its erection, and may join as complainants in a bill for that purpose, or to abate it after it is

erected." *Barnes v. Racine*, 4 Wis. 454; *Pettibone v. Hamilton*, 40 Wis. 415, 416; *Kaukauna W. P. Co. v. Green Bay & M. C. Co.* 75 Wis. 385, 392; *Grand Rapids W. P. Co. v. Bensley*, 75 Wis. 399, 402, 403; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 507, 508. To the same effect are decisions in other states. *Reid v. Gifford*, 1 Hopk. Ch. 416; *Murray v. Hay*, 1 Barb. Ch. 59; *Blunt v. Hay*, 4 Sandf. Ch. 362; *Brady v. Weeks*, 3 Barb. 157; *Strobel v. Kerr S. Co.* 164 N. Y. 323; *Rowbotham v. Jones*, 47 N. J. Eq. 337. Thus, in the last case cited, it is held that "a nuisance is common to several complainants when it affects all of them, not precisely at the same instant and in the same degree, but at the same period of time and in a similar way, so that the same relief may be had in the suit, whether there be one, two, or a dozen plaintiffs." Had the defendant turned a stream of water upon Lincoln avenue, so as to flow along the same and over the lands of the respective plaintiffs as abutting owners thereon, there would be no question about the right of the plaintiffs to join in an action to restrain such use of the street and to abate such nuisance. The construction of the railway in the manner described is equally unlawful. In the *Telephone Case* this court recently held that "the erection and maintenance of a telephone pole in the street in front of the show window of a store building, interfering with the proper use and enjoyment of the property, is a continuing trespass upon the land, and a nuisance, which a court of equity will abate." *Krueger v. Wis. T. Co.* 106 Wis. 97. We must hold that the plaintiffs have a common right of action, and that the complaint states facts sufficient to constitute a good cause of action for such injunction and to abate such nuisance.

The other ground of demurrer is that several causes of action have been improperly united. As indicated, the respective plaintiffs own twenty-nine different lots in severalty, abutting on Lincoln avenue. One has a frontage of only

thirty-eight feet and four inches, and another of one hundred and fifty-seven feet and four inches, and the others ranging between. The complaint alleges that the plaintiffs have already sustained damages in the sum of $5,000, and demands judgment in favor of the plaintiffs for that amount for past damages. Obviously the amount of damage to the respective lots must differ more or less, depending upon the amount of frontage, the location, surface, and nature of the ground, etc. To ascertain such damages with any degree of certainty would necessarily require a separate trial as to several, if not all, of the lots in question. In one of the cases in this court, brought by several plaintiffs to restrain the diversion of water, cited above, it was contended that several causes of action were improperly united. *Grand Rapids W. P. Co. v. Bensley,* 75 Wis. 401, 402. Mr. Justice TAYLOR, speaking for the court in that case, said:

"It is clear there would be a misjoinder of causes of action if the plaintiffs sought any relief for the mere injury to the soil and freehold of the plaintiff the Grand Rapids Water Power Company. No such relief is, however, sought by the plaintiffs or prayed for by them in the complaint. . . . The only relief prayed for is a perpetual injunction restraining the defendant from diverting the water of said river from its accustomed flow to the plaintiffs' mills and water powers. No damages are claimed for the injury done to the soil and freehold of the Grand Rapids Water Power Company. There is, therefore, no improper joinder of causes of action."

It is stated by a distinguished author on such subjects that "where several persons are injured by a common nuisance, although varying in degree, but having a common effect, they may join in a bill for an injunction, *but there can be no recovery of damages.*" 2 Wood, Nuisances (3d ed.), 1160, § 791. As the result of an able opinion by Chancellor WALWORTH in one of the cases cited and followed by Chief Justice WHITON in *Barnes v. Racine,* 4 Wis. 454, it was held that "there is no inflexible rule as to joinder of parties in the

court of chancery. Yet, as a general principle, several complainants, having distinct and independent claims to relief against a defendant, cannot join in a suit for the separate relief of each. Nor can a single complainant, having distinct and independent claims to relief against two or more defendants severally, join them in the same bill. But there are many exceptions to this rule, and the court exercises a sound discretion in determining whether there is a misjoinder of parties under the particular circumstances of each case." *Murray v. Hay*, 1 Barb. Ch. 59. In that case past damages to the respective complainants by reason of the alleged nuisance were prayed, and objection to the bill was made on that ground and sustained. The court refused to allow the bill to be amended by striking out the name of one of the complainants, but allowed it to be amended by striking out the claim for such damages. Page 65. The same rule has been sanctioned in more recent cases in that state. *Brady v. Weeks*, 3 Barb. 157, 160; *Lynch v. Metropolitan E. R. Co.* 129 N. Y. 286. The same rule is sanctioned in a long line of cases in New Jersey, in the first of which it was held that "the court will not permit several plaintiffs to demand by one bill several matters perfectly distinct and unconnected against one defendant, nor one plaintiff to demand several matters of distinct natures against several defendants." *Marselis v. Morris C. & B. Co.* 1 N. J. Eq. 31; *Davidson v. Isham*, 9 N. J. Eq. 186; *Hinchman v. Paterson H. R. Co.* 17 N. J. Eq. 75; *Morris & E. R. Co. v. Prudden*, 20 N. J. Eq. 530; *Demarest v. Hardham*, 34 N. J. Eq. 469; *Rowbotham v. Jones*, 47 N. J. Eq. 337. Several of these cases are street railway cases. We must hold that the second ground of demurrer was improperly overruled.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to overrule the first ground of demurrer and sustain the second ground of demurrer, and for further proceedings according to law.