LANGE, Appellant, vs. LA CROSSE & EASTERN RAILWAY COMPANY, Respondent.

*May 30—July 3, 1903.*

*Street railways: Municipal corporations: Ordinances: Franchise: Streets: Use by street railways: Rights of abutting lot owners: Eminent domain: Condemnation: Injunction: Pleading: Appeal and error.*

1. Sec. 1862, Stats. 1898, expressly grants common councils of cities power to pass ordinances granting to street railway companies the right to use streets within the corporate limits for the purpose of laying tracks and running cars thereon. *Held,* since such ordinances have the force and effect of a statute of the state, they are not subject to revision by the courts on the mere ground of inexpediency or impropriety at the suit of an abutting lot owner.

2. Under sec. 1863a, Stats. 1898, as amended by ch. 306, Laws of 1899, and ch. 465, Laws of 1901 (authorizing condemnation proceedings by a street railway having requisite authority from the common council of the city wherein it is located), an ordinance granting the use of streets to a street railway company only authorizes such corporations to use streets as against the rights of the public, and not as against private owners.

3. In an action to enjoin a street railway from constructing its tracks on an abutting owner's half of the street, it appeared from the allegations of the complaint, among other things, that the defendant threatened to enter upon the plaintiff's premises and permanently occupy the same under claim of right with-

out making any compensation therefor, and that plaintiff had not waived any of his legal rights. *Held*, that plaintiff was entitled to compensation as a condition precedent to the placing of such tracks in front of his premises, and it was error to sustain a demurrer to the complaint.

APPEAL from an order of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a demurrer to the complaint in an action to nullify and avoid an ordinance of the common council, so far as the plaintiff is concerned, and to restrain the defendant from constructing, maintaining, or putting upon Second street, in front of the plaintiff's lot and dwelling house, in La Crosse, the track or tracks of its electric railway, with cross-overs, switches, turn-outs, poles, and overhead wires, etc., and from exercising any rights or privileges under the ordinance, so far as the plaintiff is concerned. The complaint alleges, in effect, the incorporation of the defendant under the laws of this state as a commercial street railway, with rights, privileges, and franchises, and power to take and hold real and personal property of any individual; that Second street is the narrowest street in the city, and the plaintiff's lot and dwelling house abut thereon; that the Chicago, Burlington & Quincy Railway Company now occupies and uses the larger portion of said street, with double tracks, under valid ordinances of the city; that the plaintiff is required, under valid ordinances, to maintain sidewalks and boulevards in front of his premises, which necessarily narrow the street; that the common council passed an ordinance June 14, 1902, granting to the defendant the right to construct and perpetually maintain and operate a single-track electric railway along and upon said street, between the east curb of said street and the said double tracks of the Chicago, Burlington & Quincy Railway Company, directly in front of the plaintiff's lot, with cross-overs, convenient and proper switches, and turn-outs, poles, wires, and

side tracks; that the operation of said road would in no way tend to relieve the travel on said street; that the construction, maintenance, and operation of said railway track along said Second street in front of the plaintiff's premises would hinder and prevent the public from using the street, and would exclude travel, passage, and business therefrom, would exclude all vehicles, and would destroy the use of the street as a public thoroughfare and street, and would create and become a public nuisance, and a private nuisance to the plaintiff; that the construction, maintenance, and operation of said railway track along and upon said street in front of the plaintiff's said lot, premises, and dwelling house would deprive the plaintiff of any use of the street or thoroughfare, or of any street or highway, for his said dwelling house and lot, and prevent his having any ingress or egress thereto, place a dangerous obstruction in said street, and serious and irreparable damage and injury would necessarily result to the plaintiff in his use and enjoyment of said lot, premises, and dwelling house; that he would not only suffer great general damages and injury, but special damages and injury, which would be not less than $2,000, which the plaintiff sets up as special damages in this action; that the ordinance mentioned authorized the defendant and its successors and assigns to cross, at grade, any and all intervening streets and alleys along the line of its road, as designated therein, subject, however, to the supervision of the common council, provided that the permission, authority, and privileges thereby granted should not be construed, in any manner, to divest owners of abutting property on such street from any legal rights they may possess, nor relieve the defendant, its successors and assigns, from responsibility for legal damages, and required the defendant to pay the city $500 each year, but that provision was expressly repealed by ordinance July 11, 1902. The complaint further alleges that the defendant threatens and intends to, and the plaintiff believes that it will, unless restrained by the

order and injunction of the court, enter upon said street, and lay and put down a railway track, with cross-overs between the tracks, and convenient and proper switches, and turn-outs, poles, overhead wires, and side tracks, where necessary, and permanently and perpetually exercise the rights and privileges pretended to be granted by said ordinance to it, and is about to particularly enter upon that portion of the street adjacent to and in front of the plaintiff's said lot, premises, and dwelling house, and lay and put down its railway track, with cross-overs between the tracks, and convenient and proper switches and turn-outs, poles, overhead wires, and side tracks, where necessary, and permanently and perpetually exercise said rights and privileges pretended to be granted under said ordinance, and permanently and perpetually operate its said railway for the purposes and in the manner set forth in said articles, and carry passengers, freight, merchandise, mail, and express; that the plaintiff has not given the defendant his consent or permission to construct such railway upon or along said Second street in front of his said lot, premises, and dwelling house, nor to enter thereon for the purpose of grading the same, or laying ties or constructing its railway thereon, or stretch electric wires over and across the same, nor has the defendant entered into any agreement with the plaintiff as to how and upon what terms such entry may be made, if at all, or any agreement fixing plaintiff's damages on account of such entry and the doing of such acts by the defendant, nor has the defendant taken any steps, by condemnation or otherwise, to enter thereon, and to do and perform such acts as aforesaid for the purposes which it proposes, but, on the contrary, claims plaintiff has no interest or rights with reference thereto.

For the appellant there was a brief by *Bleekman & Bloomingdale,* and oral argument by *A. E. Bleekman.*

For the respondent there was a brief by *Higbee & Bunge,* and oral argument by *E. C. Higbee.*

CASSODAY, C. J.  The principal object of bringing this action may have been, as claimed by counsel for the defendant, to nullify and set aside the ordinance in question.  The statute expressly gave to the common council of the city power to pass such ordinance.  Sec. 1862, Stats. 1898.  This court has repeatedly held that an ordinance of a city granting such corporate rights and franchises "has the force and effect of a statute of the state."  *State ex rel. Rose v. Superior Court of Mil. Co.* 105 Wis. 672, 673, 81 N. W. 1046, and cases there cited; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 511–513, 83 N. W. 851.  The common council having the power to pass such ordinance, and the act of doing so being legislative in character, the same is not subject to revision by the courts on the 'mere ground of inexpediency or impropriety.  But such ordinance only covers, and could only cover, such rights as the common council had the power to grant.  *Id.*  It in no way purports to affect, nor could it affect the rights of abutting lot owners.  *Id.*  In the last case cited it was said "that this law was only intended to authorize corporations to use streets with the consent of the city for carriage of freight, *as against the rights of the public,* and not as against private owners, leaving such private owners in full possession of their rights to stop the construction, insist on compensation, or give their consent, as they chose;" citing *Krueger v. Wis. Tel. Co.* 106 Wis. 96, 81 N. W. 1041.  Of course, the owner of land abutting on a street owns the fee to the center of the street, subject only to the public easement.  *Id.*  The statute, as it now stands, authorizes proceedings for condemnation by a street railway company having the requisite authority from the common council of the city wherein it is located.  Sec. 1863*a,* Stats. 1898, as amended by ch. 306, Laws of 1899, as amended by ch. 465, Laws of 1901; *Younkin v. Milwaukee L., H. & T. Co.* 112 Wis. 19, 87 N. W. 861.  It follows that the plaintiff is not entitled to have the ordinance nullified and set aside.

2. But that does not give the defendant any right to construct its tracks, or place any burden on the plaintiff's half of the street in front of his lot, without compensation. It appears from the complaint that the defendant has not resorted to condemnation proceedings, nor obtained any consent or permission to construct its railway in front of the plaintiff's premises. It is, moreover, alleged, in effect, that the defendant threatens to, and the plaintiff believes that it will, unless restrained by the court, enter upon the street in front of the plaintiff's premises, and permanently lay and put down its railway tracks, etc., and perpetually maintain the same, without compensation to the plaintiff. The plaintiff has the right to compensation, as a condition precedent to the placing of such tracks, etc., in front of his premises. *Ford v. C. & N. W. R. Co.* 14 Wis. 609; *Davis v. La Crosse & M. R. Co.* 12 Wis. 16; *Powers v. Bears,* 12 Wis. 213; *Shepardson v. M. & B. R. Co.* 6 Wis. 605; *Younkins v. Milwaukee L., H. & T. Co.* 112 Wis. 20, 87 N. W. 861. The complaint is, in effect, that the defendant threatens to enter upon the plaintiff's premises, and permanently occupy the same, under claim of right, without making any compensation therefor. This the defendant has no right to do. As indicated, the plaintiff has not waived any of his legal rights by giving consent or permission or otherwise.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with direction to overrule the demurrer, and for further proceedings according to law.