THE YELLOW PINE LUMBER COMPANY v. DANIEL E. CARROLL.

No. 2797.

1. **Parties to Suit for Land.**—Where plaintiffs in an action of trespass to try title and for partition join several tracts of land, and the issues as to all the tracts are the same as to all the parties, the petition is not subject to exception as multifarious, or for misjoinder of causes of action.

2. **Constituent and Agent.**—That an agent becomes personally interested adverse to his principal where the instructions directing the exercise of the power by the agent are definite and specific, an act of such agent for his principal is not void but only voidable. Suit to avoid such act should be brought within reasonable time. See facts.

3. **Right to Purchase.**—Owners of lands in Texas contracted with a party that they would quit claim such of their lands in Texas as he should pay their agent for at fifty cents per acre. The holder of such option sold it to another, who did not perfect any sales. *Held,* that such option was only an equity, and was not an outstanding title.

4. **Interest Upon Damages.**—An agreement by parties upon damages to a stipulated sum as owing in event of plaintiff's recovery included interest thereon from the filing of the suit.

APPEAL from Tyler. Tried below before Hon. J. S. Lanier, Special District Judge.

The conclusions of law, in part, found by the trial judge are as follows:

"1. Both parties claim the land under a common source, to-wit, Cook and Curtis; the power of attorney from Curtis and Cook to Rock, of date

November 17, 1858; the deed of Curtis and Cook by Rock to De Veuve, of date August 3, 1859; and the deed from De Veuve to plaintiff Carroll for same land (1280 acres), of date February 20, 1860, vested the legal title to the 1280 acres in controversy in plaintiff Carroll.   *   *   *

"2.  The instrument dated November 17, 1858, from Rock to De Veuve for the 3000 acres, is an executory contract to convey land at a future day, the individual undertaking of Rock, and that plaintiff's right to maintain this suit with said instrument as a link in their title as a basis of recovery, is barred in equity and by the statute of ten years limitation, and that defendant the Yellow Pine Lumber Company is entitled to recover of plaintiff said 3000 acres.   [This defendant held by deed from heirs of Cook and Curtis.]

"3.  The instrument in evidence from De Veuve to George Butler did not show an outstanding title against Carroll and the other plaintiffs to any of the land in controversy.  The instrument simply gave the right from De Veuve to Butler to purchase, which was never executed by Butler, and is at most a mere equitable claim or inchoate right to purchase."

The opinion gives further facts necessary.

*West & Chesler, T. W. Ford* and *J. R. Burnett*, for appellant.— 1. A joint action by two or more parties claiming separate and distinct portions of a grant is irregular, and if promptly excepted to the exception should be sustained and the cause dismissed.  Allen v. Read, 66 Texas 14; Paschal v. Dangerfield, 37 Texas, 273.

2.  The court erred in rendering judgment for appellee for the 1280 acre tract in controversy, and for damages for timber cut thereon, against appellant, because appellant showed a superior legal and equitable title to said land as against appellee, having produced in evidence a regular chain of title from the heirs of Cook and Curtis, the admitted common source of title, and no valid legal or equitable title having been produced in evidence by appellee from said Cook and Curtis or their heirs.  And the court erred in holding that the deed from Cook and Curtis by Thos. Rock, as their attorney, to Henry De Veuve, under the power of attorney from Cook and Curtis to Rock, and the deed from De Veuve to appellee conveying said 1280 acres, vested the legal and superior title to said land in appellee, because said power of attorney only authorized said Rock to convey lands to De Veuve or his order upon De Veuve or his assignee paying fifty cents an acre, and the uncontradicted evidence showed that for a valuable consideration De Veuve had, long prior to the time the 1280 acres in controversy were conveyed to him by Rock as attorney, etc., conveyed and transferred to Geo. Butler all his interest in the Cook and Curtis lands, and all his rights under said power of attorney, and authorized and requested Rock as attorney, etc., to convey the lands to said

Butler, whereby all legal power in Rock to convey any of said lands to De Veuve was revoked.

3.   Rock having acquired an interest under the power and in the lands, his position became inconsistent with his duty to his principals, and his power to convey was thereby revoked or determined.   Case v. Jennings, 17 Texas, 661; Everett v. Henry, 67 Texas, 404; 1 Perry on Trusts, secs. 195, *et seq.;* 2 Pome. Eq., sec. 959; 1 Wait's Act. and Def., 246; Webb v. Paxton, 36 Minn., 532; Fry v. Platt, 32 Kans., 62.

4.   The legal effect of the conveyances and transfers from De Veuve to Butler and Rock was to vest in the grantees not a mere equity or equitable right of purchase, as held by the court below, but all the legal title and right De Veuve had in the lands, or under the contract to purchase, said contract being assignable on its face; and said conveyances and transfers determined all power in Rock to convey to De Veuve, and constituted an outstanding title as against appellee.  Ragsdale v. Mays, 65 Texas, 257; King v. Elson, 30 Texas, 246; Adams. v. House, 61 Texas, 641.

*S. B. Cooper* and *Nix & Kirby,* for appellee. — 1.   All parties having an interest in the subject matter of the suit, or who may be affected by the judgment, as where partition of land is prayed for or division lines are sought to be established, are proper parties to the suit.   Pitts. v. Ennis, 1 Texas, 604; Blair v. Gay, 33 Texas, 157; Clegg v. Varnell, 18 Texas, 295; Denison v. League, 16 Texas, 399; Allison v. Shilling, 27 Texas, 450; Oliver v. Robertson, 41 Texas, 422; Huffman v. Cartwright, 44 Texas, 296; Ship Channel Co. v. Bruly, 45 Texas, 6; George v. Thomas, 16 Texas, 74; Connel v. Chandler, 11 Texas, 249; Legg v. McNeil, 2 Texas, 428.

2.   Judgment having been rendered in favor of appellant as to the 3000 acre tract of land, and for all costs incurred by reason thereof, and plaintiffs not having appealed therefrom, appellant can not be heard to complain that same was improperly joined in the suit.   Johnson v. Davis, 7 Texas, 173; Beale v. Ryan, 40 Texas, 399; Railway v. Helm, 64 Texas, 149.

3.   The transfer from Henry De Veuve to George Butler and the transfer from said De Veuve to Thomas Rock can by no reasonable construction be held to convey to said Butler or to said Rock any lands, or any interest in lands, or to transfer to them any rights other than the mere naked right to acquire from Cook and Curtis titles to their lands on the terms and conditions and in the manner De Veuve could acquire them under his contract with Cook and Curtis.   Woods & Co. v. Halff, Weiss & Co., 44 Texas, 633; Hancock v. Butler, 21 Texas, 804; Tucker v. Streetman, 38 Texas, 71; 1 Wait's Act. and Def., secs. 5, 10, 12.

ACKER, PRESIDING JUDGE.—This suit was instituted on the 12th day of December, 1887, by D. R. Carroll, C. T. Hurlbert, and J. H. Kirby

against D. Fleming, W. S. Peters, E. P. Cowan, the Yellow Pine Lumber Company, and the heirs of A. M. Box, for the title and possession of two tracts of land, parts of the west half of the Gavino Aranjo five leagues grant, situated in Tyler County, and for damages.

It was alleged that Carroll was the sole owner of one tract of 1280 acres, and he sued all of the defendants except the Box heirs for that tract, and damages for cutting timber thereon.   The other tract of about 3000 acres, it was alleged, was owned by plaintiffs and the Box heirs in separate but undivided interests, and plaintiffs sued the Box heirs for partition, and the other defendants for the land and damages, each plaintiff claiming separate interests and damages.   The Box heirs joined in the allegations and prayer of plaintiffs as to the 3000 acres tract.   The Yellow Pine Lumber Company, which was in possession of and claiming both tracts, specially excepted to the petition for misjoinder of causes of action, and pleaded not guilty and limitation.   The other defendants disclaimed. The trial was by the court without a jury, and resulted in judgment for the defendant for the 3000 acres tract, and in favor of plaintiff Carroll for the 1280 acres tract, and against the Yellow Pine Lumber Company for $6777.20 damages for timber cut on the 1280 acres tract.   The Yellow Pine Lumber Company alone appealed.

The first assignment of error relates to the action of the court in overruling the special exception to the petition on the ground of multifariousness.

The issues were the same as to both tracts of land, and as to all parties to the suit.   We think the petition was not obnoxious to the objection made by the special exception.

On March 19, 1858, Cook and Curtis, of the State of New York, executed a power of attorney to Thomas Rock, empowering Rock to give to Henry De Veuve, or to his order, quit claim titles to any or all of the lands of Cook and Curtis in the State of Texas whenever he shall receive from De Veuve or his order the sum of fifty cents per acre for all such lands to which quit claim title may be given.   This instrument was filed for record March 17, 1859.

On the 19th day of November, 1858, Cook and Curtis, who were the admitted common source of title, executed an instrument reciting that they had entered into a contract with Henry De Veuve, of Galveston, Texas, by which they agreed to sell him their lands in Texas at the rate of fifty cents per acre; " and whereas there may be some doubt as to his power, now, therefore,   *   *   *   we have made, constituted, etc., by these presents Henry De Veuve our true and lawful attorney, for us and in our names, etc., to settle with all claimants to our lands, to bring suits in law or equity that may be necessary, and to make any compromise he may think best; provided always, that he pays to our agent fifty cents per acre for all lands that he may thus sell or arrange for before he can

obtain from our agent our quit claim titles to the same." This instrument was filed for record November 19, 1859.

On the 5th day of March, 1859, Henry DeVeuve executed the following instrument:

" *State of Texas, County of Galveston.*—Know all men by these presents, that I, Henry De Veuve, of the State and county above written, for and in consideration of legal services as attorney at law and as agent and attorney in fact for the said De Veuve, rendered and to be rendered by Thomas Rock, a citizen of said State and county of Tyler, in relation to certain lands in the State of Texas, to-wit, instituting suits and prosecuting them to judgment, selling said lands and making titles thereto to purchasers as the same may be sold or disposed of, and also the protection of said land from any interference, damage, or harm by any one hereafter by all proper legal means, have this day granted and assigned to said Rock, his heirs and assigns forever, one-half of all the beneficial results, whether in money, notes, or otherwise, which may arise to said De Veuve or his legal representative under a certain contract with Messrs. George Curtis and Edward A. Cook, of the city of New York, dated May 1, 1855, and renewed and confirmed by a power of attorney from said Cook and Curtis to said De Veuve, bearing date at the city of New York, November 19, 1858, in connection with which reference is also made to a power of attorney from said Cook and Curtis to said Rock, dated at New York, November 19, 1858, it being understood that said Rock is to pay one-half the purchase money due from said De Veuve to said Cook and Curtis before he can obtain a title to the same; and said De Veuve obligates himself to give the requisite order by which said titles can be made by said Rock, as is expressed in the power of attorney above referred to; all expenses in and about the premises to be borne by said Rock; all other expenses, as surveys and such like, to be borne jointly by the two parties hereto. In case of the death of either party hereto, this business to be carried out by the survivor for the benefit of himself and the heirs of the deceased party, provided that the heirs of said Rock furnish the same consideration for this contract as is herein expressed."

This was filed for record May 11, 1859. On the 3d day of August, 1859, Thomas Rock, as attorney in fact for Cook and Curtis, conveyed to Henry De Veuve the 1280 acres tract in controversy. This deed was filed for record October 10, 1859.

On the 20th day of February, 1860, De Veuve conveyed the 1280 acres to appellee Carroll, and it was on this title that the judgment in his favor was rendered. Cook and Curtis died in 1862 or 1863, and appellant proved title from their heirs by deeds executed in 1883 and 1885, under which it held possession at the time of trial.

It is urged by appellant that Rock having acquired an interest in the lands by the transfer from De Veuve, his position became inconsistent

with his duties to his principals, Cook and Curtis, and his power to act for them and convey the lands was thereby determined.

Rock was only empowered by Cook and Curtis to convey the lands to De Veuve or his order, and receive therefor the sum of fifty cents per acre. The price and terms of sale were agreed upon between Cook and Curtis and De Veuve, and expressly stipulated in the contract between them and set forth explicitly in the power of attorney from Cook and Curtis to Rock. Rock could exercise no discretion as to terms of sale, nor execute titles to any one except De Veuve or his transferee. We think the transfer from De Veuve to Rock did not have the effect to revoke Rock's power from Cook and Curtis, and thereby render void the conveyance from Rock to De Veuve for the land in controversy. Rock's conveyance to De Veuve, under which appellee recovered, we think was only voidable at the election of Cook and Curtis within a reasonable time after notice. The transfer from De Veuve to Rock was filed for record May 11, 1859, and the deed from Cook and Curtis by Rock, attorney in fact, to De Veuve was filed for record October 10, 1859. It appears that Cook and Curtis died in 1862 or 1863, and the deeds from their heirs, under which appellant claims, were not executed until 1883 and 1885. About three years elapsed after legal notice of the transactions before the deaths of Cook and Curtis, and about thirteen years after their heirs might have brought suit, and no act was performed indicating a purpose to repudiate the conveyance or step taken to avoid it; nor was any attempt made on the trial to account for the great delay on the part of Cook and Curtis and their heirs in repudiating the conveyance by Rock to De Veuve. We think the delay was unreasonable, and the right to avoid the conveyance was thereby lost.

On the 22d day of January, 1859, De Veuve transferred to one Butler his right to purchase the two and a half leagues of land of which the land in controversy formed a part, and that transfer was introduced in evidence by appellant to prove an outstanding title. We deem it only necessary to say that the transfer did not convey title; Butler acquired thereby, at most, only an equity, and the instrument did not sustain the defense of outstanding title.

Under the fourth and last assignment of error it is urged that the court erred in rendering judgment against appellant for interest on the damages agreed upon for the timber cut from the land and appropriated by appellant. The agreement as to damages was as follows:

"It was admitted by the Yellow Pine Lumber Company that it took possession of the lands sued for, and within two years prior to the filing of plaintiffs' suit had cut and appropriated timber on said lands sued for to the amount and value of $4.50 per acre; and it was agreed by the plaintiffs and said company that said company was liable to damages for said

timber to the amount of $4.50 for each acre of land, if any, recovered by plaintiffs in this suit."

We think the court correctly construed the agreement. It was an admission of liability to the extent named, which plaintiff was entitled to have paid to him when the suit was instituted.

We find no error, and think the judgment of the court below should be affirmed.

*Affirmed.*

Adopted February 24, 1890.