### EDGAR KEY ET AL. v. A. J. FOUTS.

#### Decided December 7, 1906.

**Joinder of Parties—Cross Demand—Jurisdiction.**

The plaintiff sued two parties in the County Court as makers of a note; the defendants separately impleaded F., alleging that he had assumed the payment of the note sued on as to each of the defendants; F. excepted to the pleas of the defendants for misjoinder of parties and causes of action; the court sustained the exception, holding that the amount involved in the pleas of the defendants was beneath the jurisdiction of the court. Held, error. F. should not have been heard to object to being made a party to a suit on the note which he had promised to pay; and if the court had jurisdiction in the first instance of the amount

of the demand, it had jurisdiction of the cross demands against F. Holloway v. Blum (60 Texas, 626) distinguished.

Appeal from the County Court of Denton County. Tried below before Hon. I. D. Ferguson.

*Alvin C. Owsley, Lee Zumwalt* and *E. I. Key,* for appellants.

*S. H. Hoskins,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—James Brewer sued G. H. Barb and Ed Key on a promissory note executed by them for two hundred dollars with interest at 10 percent per annum and 10 percent attorney's fees. Key impleaded A. J. Fouts, alleging that the note declared on was a partnership obligation of the firm of Barb & Key, that he had sold his interest in said firm to Fouts, and that Fouts as a part of the consideration for the sale had assumed the payment of the note. After Fouts had been made a party to the suit, G. H. Barb filed an answer in which it was alleged that he had sold his interest in the firm of Fouts & Barb to Fouts, and that Fouts as a part consideration for the sale had likewise assumed the payment of said note. Fouts excepted to the pleadings of Key and Barb for misjoinder of parties and causes of action, and the court, after the case went to trial before a jury, sustained the exception, holding that the amount involved in these pleas was beneath the jurisdiction of the County Court, but rendered judgment in favor of Brewer against Barb and Key for the amount of the note, principal, interest and attorneys' fees, and in favor of Fouts against Barb and Key for costs.

The court erred, we think, in dismissing Fouts from the suit. Brewer might, perhaps, have been warranted in objecting to the introduction of new parties and issues, but we fail to see the force of such an objection when offered by Fouts, who was merely asked by Barb and Key to respond to a demand against them which he had assumed. If the court had jurisdiction in the first instance of the amount of this demand, it also had jurisdiction of the cross demands against Fouts. The case is easily distinguishable from Holloway v. Blum, 60 Texas, 626, which was one of indemnity merely, in which a question of venue was raised. Here the promise on the part of Fouts was, as alleged, to pay off the very obligation declared on, which would have authorized a suit against him by Brewer. For a discussion of the question of misjoinder of parties and causes of action see Skipwith v. Hurt, 94 Texas, 332.

The allegations and proof as to the attorney's fees recovered were very meager, and in view of another trial we suggest an examination of the cases cited in Davidson v. Oberthier, 93 S. W. Rep., 478.

For the error pointed out the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*