McBRIDE et al. v. UNITED IRR. CO.

(Court of Civil Appeals of Texas. San Antonio. July 7, 1919.)

1. APPEAL AND ERROR ⬅71(4)—APPEALABLE ORDERS—SALE BY RECEIVER.

Orders directing a sale of property by a receiver and confirming the sale are not merely interlocutory, but are orders from which an appeal will lie, before the determination of the main controversy.

2. RECEIVERS ⬅140 — SALES — COLLATERAL ATTACK.

A suit by the owners of water rights to compel the delivery of water to them by one who purchased the irrigation system at a receiver's sale, under an order that the system be sold free from the easement of the water claimants, is a collateral attack on the order of sale, which cannot be sustained, where the order was not void.

3. APPEAL AND ERROR ⬅1177(1) — DISPOSITION OF CASE—DENIAL OF NEW TRIAL.

Where the record shows that plaintiff cannot recover for reasons other than those stated by the trial court, a new trial will not be ordered, though plaintiffs contended that they were misled by the decision of the trial court.

Appeal from District Court, Hidalgo County.

On motion for rehearing. Overruled.

For original opinion, see 211 S. W. 498.

COBBS, J. [1] It is contended that the order of sale and the order confirming the sale were interlocutory orders, which could not be appealed from until the judgment on the merits of the claims asserted against the property was entered. We do not agree with this contention. This court held, in the case of New Britain Machine Co. v. Watt, 180 S. W. 624, that an appeal would lie from an order confirming a sale entered prior to the time the main controversy was determined. See, also, High on Injunctions (4th Ed.) § 198; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, in which the question is discussed, and settled, whether there can be more than one judgment in a cause of such finality as to authorize an appeal therefrom.

[2] The orders are not void, and show clearly what was adjudicated. Their legal effect is to divest out of appellants the water rights claimed by them. This is a collateral attack, and, decrees not being void, they must be given their legal weight and effect as evidence.

[3] It is contended that our judgment of affirmance is based upon a different theory than that held by the trial court, and that appellants were lulled by their understanding of the rulings of the trial court into the belief that the legal effect of the decrees re-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lied upon by us was not an issue in the case. They suggest that, had they understood the situation as it now has developed, they would have attacked such decrees, and sought to show that they are void. In view of the fact that this is a collateral proceeding, we do not see how appellants could better their position upon another trial.

We therefore conclude that, even if full weight is given to the arguments advanced by them, the motion for rehearing should be overruled. While it is true that the judgment of the trial court may have been based entirely upon findings of the jury not approved by us, such judgment in our opinion is the only one which could have been rendered in view of the pleadings not stricken out, and the evidence introduced, and, being unable to see any theory upon which a different result could be arrived at upon another trial, we conclude that the litigation should end.

It having been suggested in the briefs and motion for rehearing that the case of McHenry et al. v. Bankers' Trust Co., involving the direct attack on the decrees ordering and confirming the sale, was pending in the Supreme Court on application for writ of error, we have awaited the action of the Supreme Court in such case, to see whether it would grant the application, on the theory that the orders were believed by it to be void. The final disposition of the application carries with it the holding that the decrees are not void.

The motion for rehearing is overruled.