### EDINBURG IRR. CO. et al. v. LEDBETTER et al. (No. 6789.)*

(Court of Civil Appeals of Texas. San Antonio. Nov. 22. 1922. On Rehearing, Jan. 3, 1923.)

**1. Waters and water courses ⬤�439232—Provision of decree barring claims against irrigation system unless set up held not to apply to parties to suit.**

In a receivership proceeding ancillary to the foreclosure of a mortgage on an irrigation system, a provision of a decree for notice to all persons having claims of any character and ordering them to intervene, and providing that otherwise such claims or rights would be finally concluded, was not intended to apply to parties to the suit, but to bring before the court for final disposition all outstanding claimants, so that a free and unincumbered title might be passed.

**2. Waters and water courses ⬤�439232—In receivership suit ancillary to foreclosure, claims against third persons could only be barred by proper pleading and process.**

In a receivership proceeding ancillary to the foreclosure of a mortgage on an irrigation system, a provision of the decree for notice to all parties having claims of any character, and providing that, unless presented, such claims would be finally concluded, related only to parties with outstanding claims against the estate, and not to claims that the estate had against others, which could not be barred otherwise than by proper pleading and process.

**3. Judgment ⬤�439485—Voidable and open only to direct attack when apparently valid on record, but void if invalidity shown by record.**

A judgment which, though really void, carries on the record evidence of validity, is voidable only. and subject only to direct attack. but one which bears on the record proof of its own invalidity is void, and may be attacked under any and all circumstances.

**4. Judgment ⬤�439584, 720—When former adjudication a defense.**

A former adjudication may be introduced as a defense when the second suit is between the same parties or their privies, upon the same cause of action as in the first suit, in which case it is a full and complete defense to the whole bill, or where the second suit is based upon a different cause of action, but some right, question, or fact put in issue was distinctly put in issue and directly determined as a ground of recovery in the first suit.

**5. Judgment ⬤�439715(1) — Issue must be the same when causes of action not the same.**

Where the causes of action in two suits are different, the issue must be the same in both cases in order to bar the second suit.

**6. Judgment ⬤�439713(2)—Anything adjudicated, or which might have been adjudicated, cannot be heard again.**

Whatever has been once adjudicated, or in a suit pending between the same parties might have been adjudicated under the pleadings, cannot be heard again.

**7. Judgment ⬤�439736—Water rights not barred when issue not raised and determined.**

Where, in receivership proceedings ancillary to the foreclosure of a mortgage on an irrigation system, no issue was raised and determined regarding the existence or validity of permanent water rights in favor of a party, or those claiming under him, such rights were not barred by the decree.

**8. Judgment ⬤�439505—Subject to collateral attack when adjudicating matter not within pleadings or issues.**

In so far as the decree in receivership proceeding ancillary to the foreclosure of a mortgage on an irrigation system cut off a party's water rights, if it did, it was void and subject to collateral attack, where there was no pleading or issue respecting such matter.

**9. Appeal and error ⬤�4391073(3)—Defendants not injured by adjudication because legal title to land in another defendant.**

Defendants other than a mortgagee of land *held* not injured by an adjudication in favor of a party claiming water rights, though the legal title may have been in the mortgagee.

**10. Appearance ⬤�43912—Party appearing is before court, and bound to take notice of proceedings, notwithstanding leave to withdraw pleadings.**

A party once voluntarily appearing was before the court for all purposes until the ultimate disposal of the case, and compelled to take notice of all subsequent proceedings in the case, though given leave to withdraw its pleadings.

**11. Waters and water courses ⬤�439247(2) — Court held authorized to enjoin irrigation company from furnishing water to land owned by it and others until changes in system.**

Where a contract for the sale of an irrigation system and land irrigated thereunder required the grantee to finance and maintain the system and make necessary improvements for watering certain lands until the purchase price was fully paid, and provided that no other lands should receive a water contract or water right until full payment of the consideration, the court *held* authorized under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5002b and 5002c, and Vernon's Ann. Civ. St. Supp. 1918, art. 5002b, to enjoin the company from furnishing water to irrigate other lands, thereby making it impossible to water the lands under the contract.

---

⬤�439For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted February 21, 1923.

12. Waters and water courses ⬳244—Grant of permanent water right held not to create easement on canal system.

Though a mortgage company and another remained the equitable owners of an irrigation system conveyed to an irrigation company, a grant to the mortgage company by the irrigation company of a permanent water right *held* not to create an easement on the canal system.

13. Waters and water courses ⬳232—Water users held not entitled to accounting between irrigation company and third persons.

Where an irrigation company was solvent, and ready, able, and willing to furnish the owners of water rights all the water they wanted for the irrigation of their land, the water users, who were not stockholders in the company, were not entitled to have an accounting between the irrigation company and persons controlling it, as in the case of a stockholders' bill or trust fund.

On Appellees' Motion for Rehearing.

14. Action ⬳50(1)—Rule as to joinder when common point of litigation decisive stated.

If the common point of litigation be decisive of the entire matter, though the interests of plaintiffs, or the liabilities of defendants are unconnected, except by the common question, but all arise out of the same transaction, they may be joined when all plaintiffs and all defendants are interested in the same claim of right, and the relief sought by the plaintiff is of the same general character.

15. Equity ⬳39(1)—Multiplicity of suits abhorred.

The courts abhor multiplicity of suits and when all the matters are properly subjects of the jurisdiction of the court in the same equitable proceeding, complete relief should be decreed.

16. Equity ⬳39(3)—When parties permitted to join in suit for equitable relief, complete relief should have been granted by awarding damages.

Where numerous parties, entitled by contract to water from an irrigation company, were permitted to join in one suit for equitable relief against the issuance of new water rights to other lands, and were found entitled to such relief, complete relief should have been administered even to determining and awarding damages sustained by the various plaintiffs by reason of past failures of the irrigation company to perform its alleged duty, and should not have been driven out of court to bring separate and distinct suits, especially where some of the defendants were nonresidents.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by A. Ledbetter and others against the Edinburg Irrigation Company and others. From a judgment granting part of the relief sued for, defendants appeal. Affirmed in part and remanded in part on rehearing.

Kennerly, Lee & Hill, Geo. A. Hill, Jr., and Richard T. Fleming, all of Houston, for appellants.

Geo. P. Brown, of Edinburg, Don A. Bliss, of San Antonio, Seabury, George & Taylor, of Brownsville, and Roy Buckley, of Mission, for appellees.

COBBS, J. This was a suit in the nature of a suit interesse suo instituted by A. Ledbetter et al., appellee, and 11 others similarly situated, against the Edinburg Irrigation Company, the W. E. Stewart Land Company, the Stewart Farm Mortgage Company, W. E. Stewart, the Hidalgo Land Company, the San Antonio Loan & Trust Company, the American National Insurance Company, and James Hoit. It was purely one in equity on the part of owners with water rights under the irrigation system of the Edinburg Irrigation Company in Hidalgo county, Tex., for relief by injunction and for the appointment of receiver to take charge of said property and injunction against the issuance of new water rights and new water contracts to lands controlled by said Stewart interests. The Hidalgo Land Company, the San Antonio Loan & Trust Company, the American National Insurance Company, and J. W. Hoit, joined because of some claim, right, title, or interest in and to said irrigation system prayed to be adjudicated. By amendment the cause of action was broadened and changed by an amended original petition filed, upon which, and other amendments and pleadings filed by the parties, the case went to trial. One hundred and thirty-one parties, claiming to be similarly situated, joined plaintiffs suing in their own behalf and in behalf of all others similarly situated. They, together with the plaintiffs, by their separate causes also sued for damages against the Edinburg Irrigation Company in the same suit. These demands are brought on behalf of 79 of the plaintiffs for amounts ranging from $24, the smallest, to $5,664, the largest, based on the total or partial failure on account of insufficient water supply from Edinburg Irrigation Company of various crops last grown in the year 1920 and others in the year 1921, situated in different parts of the Hoit, Hammond, and Edinburg tracts, which substantially comprise all the lands under the canal system.

The crops damaged, of various kinds, were such as are usually cultivated and grown in the valley, including orchards alleged to arise out of the breach of contract in writing conveying water rights between the parties and the Edinburg Irrigation Company in not furnishing water, but no pleading claiming a statutory right to water independent of water contracts was pleaded.

J. W. Hoit, independent of his defensive pleadings, sought by cross-bill against all the parties his alleged permanent water rights appurtenant to the lands, a part of which he owned and to a part of which he

held vendor's lien notes in excess, of the value of the lands—they would be without water rights—alleging such rights as having priority over other lands under the irrigation system of said Edinburg Irrigation Company, including those of plaintiffs. He alleges the said Edinburg Irrigation Company, including lands of plaintiffs, denies the existence of his water rights and the priority thereof, and refuses to connect up with its canals the laterals he had built from said canals up to his own lands and to third lift pumps that he had acquired for the better irrigation of such parts of his lands as lie too high to be watered by gravity flow out of the company canals, and generally refuses to furnish any water whatever to the said lands. He prayed to have his water rights established and for relief by mandatory injunction to compel recognition, and for water service by said irrigation company to his said lands. In the judgment relief is granted to J. W. Hoit and the other plaintiffs in so far as it resulted in the relief for the installation of pumps and improvement of other canal facilities, supply of water, etc., but denied to them all damages against the Edinburg Irrigation Company mingled with their suit for equitable relief.

Upon the answers of the jury a judgment was entered, denying the receivership, the mandamus, and a part of the equitable relief that had been prayed for. Edinburg Irrigation Company and the Stewarts, as appellants, complain of the judgment, and seek a reversal because the judgment awards equitable relief to J. W. Hoit, whose water rights are assailed, a part of which relief also runs in favor of A. Ledbetter and the others who were plaintiffs, who also on cross-assignment of error seek to reverse the judgment because the equitable relief granted does not extend far enough. The trial court, having sustained exceptions to misjoinder, refused to consider the individual claims asserted for damages.

It will be quite difficult to embrace this opinion in a short space, and discuss all the various contentions as we shall attempt to do. The transcript contains 614 pages. The statement of facts are embraced in two separate volumes as Nos. 1 and 2, and together contain 1,357 pages. The brief of Edinburg Irrigation Company contains 162 printed pages. The brief of A. Ledbetter et al., appellees, contains 131 printed pages, and brief of J. W. Hoit, appellee, contains 64 printed pages.

While the judgment of the court is unusually lengthy and prolix, leaving out caption and the numerous parties to the suit, it contains the special charges given and answers of the jury and judgment of the court. takes about 15 pages to give the questions and answers, and 15 pages more for the decree, and 24 more pages additional with a

description of the land. The substantial effect of the entire judgment was to decree to the plaintiffs therein (Ledbetter and others designated as appellees herein), including J. W. Hoit, the equitable relief prayed for, but as to his or any other parties' claim for damages was denied without prejudice to litigate it in some other proceeding, except in so far as the same may have been adjudged, decreed, or dismissed or otherwise disposed of.

It is also provided in the decree:

"That the court retains such jurisdiction, as it may lawfully reserve unto itself notwithstanding this decree, to hear and determine such motions and petitions as may be properly brought before it after the installation of additional pumping units and other irrigation facilities or after other material changes in existing conditions, for the extension of water service beyond the limits now decreed."

The Edinburg Irrigation Company having declared its willingness to furnish plaintiffs (Ledbetter et al.) a sufficient supply of water at the proper time for the irrigation of the lands under the system, and being ready and able to do so, it renders it unnecessary to appoint a receiver or issue any mandatory injunction as prayed for. All costs were adjudged against Edinburg Irrigation Company, W. E. Stewart, Stewart Farm Mortgage Company, and W. E. Stewart Land Company.

We shall first answer the assignments and propositions raised by the appellants.

It is contended that, James W. Hoit having been a party to the suit in the district court of Cameron county in cause No. 3073, entitled American National Insurance Company et al. v. Valley Reservoir & Canal Company et al., the judgment being that of a domestic court of general jurisdiction, cannot be collaterally attacked in this suit, brought in the district court of Hidalgo county.

It is contended that, said cause No. 3073 of the district court of Cameron County being a receivership proceeding, ancillary to the foreclosure of a mortgage on said system, wherein the court, subsequently entering an order of sale of the system, adjudicated the water contract of Hoit, and adversely to him, however, in this proceeding, he cannot collaterally attack the decree and order of sale in said cause No. 3073 and its confirmation.

It was shown on the trial that there were no pleadings filed by any person seeking to recover of Mr. Hoit or pass from him the existence or the validity of or the superiority or priority of water rights of his or that of any other persons. No trial was held on that issue, nor was there any evidence introduced in said cause No. 3073 raising the issue in regard to water rights or water contracts, nor any relief prayed seeking to have same canceled or to have the irrigation system sold divested of the contractual obligation of serving these water rights.

The transactions by which Hoit claimed the permanent water right by contract entitling him, his heirs and assigns, to have the lands supplied in perpetuity with water in sufficient quantities for the purpose of irrigating his lands from the Rio Grande river through the irrigation system was appurtenant to the lands and ran with the title, a large portion of which he had sold, but interested as the owner of the vendor's lien obligations in securing the preservation of the permanent water rights.

[1] But it was claimed by appellant, Hoit lost all permanent water rights by the terms of the decree in the aforesaid cause No. 3073 of the district court of Cameron county, in which Hoit was a party defendant and appeared personally therein, in which all water rights of Hoit were canceled and annulled, and appellant under the said decree of foreclosure purchased it clear and freed from such claims. A careful examination of the record in cause No. 3073 of the district court of Cameron county leads us to the conclusion that Hoit's water rights were not litigated, nor intended to be adjudicated. The main ground of attack against the preservation of Hoit's water rights comes from the language in clause 94 of the decree. It must be remembered that Hoit was a party to that suit when the clause of the decree was inserted intended as directing notice to issue to parties other than those in the suit, and such notice was not intended for parties to the suit whose rights are there disposed of, but intended to bring before the court for final disposition other claimants, for the language of the decree was:

"All persons, corporations, and associations of persons having liens, debts, or claims of any character whatsoever against the Valley Reservoir & Canal Company, the Lomita Irrigation & Construction Company, the Edinburg Town-Site Company, John Closner, and W. F. Sprague, or any or either of them, in or to any of the respective tracts of property described in this decree, * * * were ordered and required to intervene in this cause, setting up such rights for adjudication on or before March 9, 1917, otherwise such claims or rights not so presented prior to the final decree would be finally concluded."

There is nothing startling or unusual in this provision. The effect of that notice and that decree was to bind parties not properly before the court having claims against the estate which has been so fully discussed heretofore by this court and affirmed by the Supreme Court as to leave it unnecessary for this court to say more on this subject. Edinburg Irrigation Co. v. Paschen, 223 S. W. 329, and the same case by the Commission of Appeals in 235 S. W. 1088. The purpose of all such notices in proceedings in quasi rem is to bring before the court all outstanding claimants for the ultimate disposition of the property, so that the court may pass to the purchaser a free and unincumbered title to the property.

[2, 3] The notice is intended to be given to outstanding parties with outstanding claims against the estate—not for claims that the estate may have against others, for they could not, as shown in the Paschen Case, supra, be so barred otherwise than by proper pleading and process. There is no record showing any attempt to cut out Hoit's permanent right; if it had he would have been bound by the decree. There is no res adjudicata, if it was a collateral attack upon a merely voidable decree, as appellants insist. On the question of the distinction between a void and voidable judgment and when not subject to collateral attack, we find no better definition than that given by the present learned Chief Justice of this court, in Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347, that:

"There is, according to numerous Texas decisions, a distinction between a judgment which, though really void, carries in its record the evidence of validity, and one which bears on its record the proofs of its own invalidity. The one is held subject only to direct attack; the other may be attacked under any and all circumstances, wherever it presents itself. The first is voidable; the latter is void. In other words, it is held that the recitation in a judgment of jurisdictional facts, if not contradicted by the record, will be presumed to be true, and they cannot be denied or questioned in any collateral proceeding. It will be readily seen that under this rule any judgment not containing evidence in its record of its own validity should never be termed void, for whenever it is necessary to present proof aliunde to show its nullity, it must necessarily be a voidable judgment. Such must be the case with a judgment fully reciting personal service which is not contradicted by the record, when in reality there has been no such service."

Going to the record, we find no issue tried, disposing of Hoit's water rights, that requires an attack, direct or collateral, on the judgment.

The principle of the conclusiveness of judgments has been classified, through a long period of English law, as a branch of the doctrine of estoppel. Black on Judgments, vol. 2, p. 760.

[4] The case in which the defense of a former adjudication may be introduced, in so far as the extent of the plea is concerned, or the quantity of the bill to which the defense may be applied, as shown by the decision of the Supreme Court of the United States, may be classed and arranged under two heads, viz.:

(1) Where the second suit between the same parties or their privies is based upon the same cause of action, as in the first suit, in which class of cases the plea is a full and complete defense extending to the whole bill.

(2) Where the second suit between the same parties or their privies is based upon a different cause of action, but where some right,

question, or fact put in issue in the second suit was distinctly put in issue and directly determined by the court as a ground of recovery in the first suit. 1 Bates' Federal Equity Procedure, pp. 330–340; Black on Judgments, vol. 2, p. 764.

In the case of Southern Pacific Railroad Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, the Supreme Court said:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

This rule is the established law in this state, and is supported by a long line of decisions: Foster v. Wells, 4 Tex. 104; Weathered v. Mays, 4 Tex. 388; Hassell v. Nutt, 14 Tex. 265; McGee v. Chadoin, 30 Tex. 644; Bledsoe v. White, 42 Tex. 135; Philipowski v. Spencer, 63 Tex. 608; Scherff v. Missouri Pacific R. R. Co., 81 Tex. 473, 17 S. W. 39, 26 Am. St. Rep. 828; Silliman v. Gano, 90 Tex. 645, 39 S. W. 559, 40 S. W. 391; Cassidy v. Kluge, 73 Tex. 160, 12 S. W. 13; Flippen v. Dixon, 83 Tex. 423, 18 S. W. 803, 29 Am. St. Rep. 653; Freeman v. McAninch, 6 Tex. Civ. App. 644, 24 S. W. 922; Roberts v. Johnson, 48 Tex. 134; Hanrick v. Gurley, 93 Tex. 480, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Monks v. McGrady, 71 Tex. 135, 8 S. W. 617; Boykin v. Rosenfield (Tex. Civ. App.) 24 S. W. 323; Cook v. Carroll Land & Cattle Co., 6 Tex. Civ. App. 326, 25 S. W. 1034; Carson v. McCormick Harvesting Machine Co., 18 Tex. Civ. App. 225, 44 S. W. 406; Mayfield Land Co. v. Carver, 27 Tex. Civ. App. 467, 66 S. W. 216; Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854; Stuart v. Tenison Bros., 21 Tex. Civ. App. 530, 53 S. W. 83.

[5, 6] Admitting that in the former suit and in the present suit the cause of action was different, it cannot be disputed that the issue made by the plaintiffs must be the same in both cases, and it cannot be disputed that the parties are the same so far as this appellee is concerned. The issue presented in both cases, and the issue that is decisive of both cases, must, in short, be whether or not the permanent right to water the Hoit land were fully involved in the pleading, and fully litigated and disposed of in the final decree. These issues were not fully determined in the trial of the case in Cameron county, and under the authorities cited we think it well settled that whatever has been once adjudicated, or which in a suit pending between the same parties under the pleadings might have been adjudicated, cannot be heard again.

In the case of Foster v. Wells, decided by the Supreme Court of Texas in 1849, the opinion being rendered by Justice Lipscomb, the court quoted with approval the following language:

"With respect to judgments, properly so called, i. e., those solemn decisions of courts of justice, made in the exercise of their rightful jurisdiction, after giving the parties an opportunity to be heard, and upon due deliberation—the law, proceeding upon the maxim that interest rei publicae ut sit finis litium, will regard them as conclusive upon all points directly involved in them, and necessarily determined. And whether the tribunals, rendering them, are clothed with limited, or general power; whether they are courts of record or otherwise, makes no sort of difference. So long as they act within the sphere which has been assigned, their adjudications are binding upon the parties, in all future controversies relating to the same matter."

The court, speaking further, said:

"The general proposition, that the judgment or decree of a court possessing competent jurisdiction, shall be final as to the matter determined, cannot be controverted."

In the case of Weathered v. Mays, 4 Tex. 388, the court held that a former judgment between the same parties, in which the grounds of the new action had been litigated or might have been, was conclusive between the same parties and those claiming under them, and interposed a complete bar to further litigation, so long as that judgment remained in full force, not set aside, or reversed; that the matters therein adjudicated or that might have been adjudicated, could not again in another suit be inquired into, and the conclusive character of the former judgment is the same whether the trial be by the court or by the jury. These cases have been followed down to the present time by a line of unbroken decisions.

In the case of Carson v. McCormick Harvesting Machine Co., 18 Tex. Civ. App. 225, 44 S. W. 406, the court said:

"The same defense is here interposed as was then ineffectively pleaded. While the causes of action are different, the matter of title to the property referred to is the same, and the judgment settling this identical question of title, not having been appealed from, must be regarded as res adjudicata upon this question."

In the case of Tadlock v. Eccles, 20 Tex. 791, 73 Am. Dec. 213, the court said:

"There is no better settled principle, than that the judgment or decree of a court of competent jurisdiction directly upon the point, or necessarily involving the decision of the question, is conclusive between the parties, and their privies, upon the same matter coming directly in question in a collateral action, in the same or another court of competent juris-

diction. * * * If the court rendering the judgment had jurisdiction of the subject-matter and the parties, this decision is conclusive until reversed on appeal or annulled by a proceeding for that purpose. This is a principle too well and firmly established to be questioned or doubted. * * * If it were otherwise, there would never be an end of litigation; and questions, solemnly adjudicated by a competent tribunal, would still remain, as before, open to re-examination."

[7, 8] From what we have said, it plainly appears from the record there was no adjudication of appellee Hoit's water rights that cuts him off in this case from the relief he has been granted.

The record in No. 3073, district court of Cameron county, is free from anything showing an issue raised and determined in regard to the existence or validity of permanent water rights in favor of Hoit or of the others under him owning lands under this irrigation system, prior to that decree, and in so far as that decree under appellants' insistence cut him off because of lack of pleading and issue it would then be void, and would be subject to collateral attacks. Dunn v. Taylor, supra; Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2; Collins v. Miller, 64 Tex. 118; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370; Martin v. Burns,. 80 Tex. 676–678, 16 S. W. 1072; Mabee v. McDonald, 107 Tex. 139, 175 S. W. 676; Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 390; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. See, also, F. J. Williams v. Borchers (Tex. Civ. App.) 244 S. W. 1053, decided at this term, not yet [officially] published.

J. W. Hoit pleaded his contract in part the basis of his rights, and alleged it was made "in part for the preservation and safeguarding of his aforesaid water rights on the lands listed in Exhibits A and B, and for the purpose of assuring maintenance of said canal system in fair order and condition and the proper operation thereof for the purpose of irrigating said lands in accordance with his water rights and in accordance with his contracts, specially referred to in said contract of sale dated August 15, 1919." It was shown that said contract to the Edinburg Irrigation Company was accepted and ratified by that company, and that in pursuance thereto a uniform water contract was drafted by Mr. Glasscock, the attorney of the said Edinburg Irrigation Company, on behalf of that company, and submitted to the attorneys for the American National Insurance Company and San Antonio Loan & Trust Company, approved by them and by W. E. Stewart, and that this contract is the one under which the Edinburg Irrigation Company is now furnishing water to its customers, and acquired its rights under this sale subject to J. W. Hoit's water rights.

[9] The San Antonio Loan & Trust Com-

pany was a party to the suit, and appellants were not injured by the adjudication made in favor of Hoit, though the legal title may have been in that company, and in Hoit the legal title to some of the lands in favor of which permanent water rights were established and decreed to be served by the Edinburg Irrigation Company. The San Antonio Loan & Trust Company was merely the holder of a mortgage debt against same, created by and under a deed of trust of which it was trustee or holder of the power of sale.

[10] If appellant could complain, and set up in this case such plea, that the San Antonio Loan & Trust Company was not before the court, yet it had appeared and answered, the leave to withdraw its pleadings could not eliminate its appearance. Having once voluntarily appeared, it was before the court for all purposes to the ultimate disposal of the case, and compelled to take notice of all subsequent proceedings in the case. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Roller v. Reed, 87 Tex. 76, 20 S. W. 1060; Vernor v. Sullivan (Tex. Civ. App.) 126 S. W. 641; Cruz v. Tex. Glass & Paint Co. (Tex. Civ. App.) 199 S. W. 819–820. We overrule appellants' first, second, third, fifth, sixth, seventh, eighth, and ninth propositions.

[11] In appellants' fourth proposition it is contended the court erred in enjoining Edinburg Irrigation Company from furnishing water to irrigate lands owned by that company, itself, or by Stewart Farm Mortgage Company, owned and controlled by Edinburg Irrigation Company, or to lands covered by contracts between Edinburg Irrigation Company and the Stewart Farm Mortgage Company and between the Edinburg Irrigation Company and other persons and corporations under whom such lands were owned, as being contrary to article 5002b of the Revised Statutes of the State of Texas, etc. Hoit based his rights for the relief prayed upon the contract of August 15, 1919, whereby the Stewart interests acquired ownership of the system and 12,000 acres of land thereunder, which required the grantee to finance and maintain the canal system and to make the necessary improvements for watering the lands. The lands covered Hoit's water rights sold under the system and certain other specified tracts until purchase price of the properties sold and contracted to be sold bring $800,000 and interest be fully paid. It provided no other lands should receive a water contract, water right, or delivery of water until the full payment of that consideration. The jury found that consideration had not been paid, and that said canal contract had not been financed, maintained, or improvements made; that it had extended water rights to 16,000 acres additional to the acreage specified in the contract belonging to the Stewart interests, which water rights were found by the jury to be $100 per acre, and

the board of directors would not make Stewart interests account for or pay for the value of those water rights. The jury found that W. E. Stewart Land Company in executing the contract of August 15, 1919, acted as the agent of W. E. Stewart and Stewart Farm Mortgage Company and the real sellers were American National Insurance Company, San Antonio Loan & Trust Company, and J. W. Hoit, and the real purchasers were the Stewart Farm Mortgage Company and W. E. Stewart, and that the Edinburg Irrigation Company has been dominated and controlled in the past, and still is dominated and controlled by the Stewart interests.

It takes no seer to determine the impossibility of the capacity of this system to water the lands under the contract and the 8,000 additional acres the Stewart Farm Mortgage Company was at the time of the trial court's judgment attempting to sell farmers as irrigated lands. To permit that without additional facilities would be equivalent to impairing the obligation of the contract and destroying the value of the property rights of those "first in time and first in right," the effect of which would be to take the money of the new investors without rendering any service.

It is the purpose of the state to encourage the building up of great systems of irrigation to make the land yield its splendid crops responsive to the touch of the refreshing waters, and the courts will so construe the law in proper cases; the one supplying the water and the other providing the crops, so as to protect both. The promoters who honestly engage in a work so important to our material growth and industries must at all times be considered benefactors, and the farmer, who by the sweat of his brow produces, must be protected from fraud and dishonest means. The man who puts his money in enterprises with the honest purpose of bringing the necessary water to the land for those cultivating the soil should receive, as the honest farmers receive, full protection under the law to the ultimate development of the state's public policy. The water furnisher must be made to know when he contracts to water land he must be able to do so, and shall not contract to water more land than his system will permit, and the honest farmer shall be made to feel when he makes such contract in good faith he may indeed look to the law for his protection.

The trial court granted the injunction "in part consideration of the present existing facilities for irrigation possessed by the irrigation company and the present existing facilities for irrigation possessed by the Edinburg Irrigation Company and the present condition thereof in connection with the acreage under water contracts and the acreage now ready for irrigation and other conditions as same now exist." The able and just trial judge, anticipating that there might be in the future such improvement, by the decree very wisely provided therein a clause to the effect:

"After the installation of additional pumping units and other irrigation facilities, or after other material changes in existing conditions, for the extension of water service beyond the limits now decreed." 23 Cyc. 1290. "Judgments," "New or Changed Facts."

Not only upon broad grounds of equity jurisdiction did the court have the power to make such an order, but the law also gives the power. Vernon's Sayles' Ann. Civ. St. 1914, arts. 5002b, 5002c, and article 5002b, Vernon's Ann. Civ. St. Supp. 1918.

It was shown that Edinburg Irrigation Company is owned, dominated, and controlled by the Stewart Farm Mortgage Company, both owned and controlled by W. E. Stewart, and the W. E. Stewart Land Company is merely an agency, through which Stewart Farm Mortgage Company and W. E. Stewart are operating in the sale of lands at grossly inflated prices to strangers, induced to purchase lands upon the representations made to them and the belief they are purchasing lands under the bona fide belief they are irrigable under an adequate bona fide contract.

[12] Notwithstanding the system was conveyed to the Edinburg Irrigation Company without any consideration paid, Stewart Farm Mortgage Company and W. E. Stewart remained its equitable owners, in respect to the water rights under consideration, and the grant of a permanent water right by the Edinburg Irrigation Company to the Stewart Farm Mortgage Company could not operate to create an easement of the canal system. So Hoit, as one of the real vendors under the said contract of sale, was entitled to have these unauthorized water contracts set aside or have the performance in so far as they were adverse to his interest postponed until the necessary improvements to the canal system be made, so that finally appellants, upon compliance with the court's mandatory injunction, shall be authorized to go on with the contracts. 23 Cyc. p. 1290.

Appellant filed 66 assignments of error, but briefed only 9. We have fully and carefully examined and considered each of them, and, finding no reversible error assigned, they are each overruled.

A. Ledbetter et al. did not appeal from the judgment of the trial court in this case, but briefed and presented what they call 14 questions of law and 23 cross-assignments and 17 propositions. We agree with Ledbetter et al., appellees, they are authorized to, and it was proper, as contended in the first propositions they had the right to, join in the suit and seek all the relief they thought they were entitled to,' but we do not think the court erred in sustaining appellants' exceptions for misjoinder of parties and causes of action. The joinder of all parties in the

equitable relief sought was proper, because there was a clear mutuality of interest, and the character of proof necessary to sustain the cause of action was mutual to all the plaintiffs, and the same practical relief would run against all parties.

The question of joinder is largely a matter of discretion for the trial court under the circumstances of each case to determine. National Surety Co. v. Atascosa Ice, Water & Light Co. (Tex. Civ. App.) 222 S. W. 597; Bain v. Coats (Tex. Civ. App.) 228 S. W. 572. Germane to the question of the misjoinder of causes of action, wherein the plea was overruled by the court as harmless, we refer to the case of Mayhew & Isbell L. Co. v. Valley Wells Truck Growers' Ass'n, 216 S. W. 228, by this court, in which there is a very able discussion of the subject, opinion by Judge Moursund. Also see I. & G. N. Co. v. Reed (Tex. Civ. App.) 189 S. W. 997. This suit is for equitable relief, with prayer for mandatory injunction to require an irrigation company to perform its contract leveled against common defendants, wherein it is sought to join with that cause of action their several separate individual demands for damages asserted by each of 79 plaintiffs for themselves against a part only of the defendants.

In their amended petition some 79 out of the 131 plaintiffs joined to their original petition or joint cause of action respectively against Edinburg Irrigation Company and the Stewart interests alone, not against the remaining defendants, for alleged damages suffered by them from the total or partial failure of many different crops during the year 1920 and others during the year 1921 and others in both years, on various tracts of land scattered all over three main tracts, some prosecuted by the owners and some by the tenants. This would require different proof of loss to different crops by numerous parties. '23 Cyc. 424–428; 1 Corpus Juris, Actions, §§ 306–310, 421; Ford v. Sutherland Springs Land & Town Co. (Tex. Civ. App.) 159 S. W. 876; Younkin v. Milwaukee Heat & Traction Co., 112 Wis. 15, 87 N. W. 861; 2 Wood on Nuisance (3d Ed.) 1160; Stewart v. Gordon, 65 Tex. 344; Wachsmuth v. Sims (Tex. Civ. App.) 32 S. W. 821; Clegg v. Temple Lumber Co. (Tex. Civ. App.) 195 S. W. 646; Blum v. Goldman, 66 Tex. 622, 1 S. W. 889; 16 Cyc. 253; Yellow Pine Lumber Co. v. Carroll, 76 Tex. 135, 13 S. W. 261; Hammer v. Woods, 6 Tex. Civ. App. 179, 24 S. W. 942.

We can readily see, as appellees, Ledbetter et al., suggest, the rule in this case may affect them inconveniently, because they now have before the courts two nonresidents of the state, but, while that may work a hardship, the rule of law cannot be so altered as to prevent a particular hardship, especially when to so hold would have a far more disastrous effect. Of course whenever it can be done in proper cases the courts favor the insertion of and the determination of all matters in one and the same suit to prevent multiplicity. Clegg v. Varnell, 18 Tex. 294; Hill v. Osborne, 60 Tex. 390; Love v. Keowne, 58 Tex. 191; Herring v. Mason, 17 Tex. Civ. App. 559, 43 S. W. 797; Parlin & Orendorff Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881; Gulf & Co. v. Browne, 27 Tex. Civ. App. 437, 66 S. W. 341; Kemendo v. Fruit Co., 61 Tex. Civ. App. 631, 131 S. W. 73; Railway Co. v. Griffin, 20 Tex. Civ. App. 91, 48 S. W. 542; Railway Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832; Key v. Fouts, 44 Tex. Civ. App. 424, 99 S. W. 448; Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; Haberzette v. Dearing (Tex. Civ. App.) 80 S. W. 539; Jordan v. Abney, 97 Tex. 296, 78 S. W. 486. We do not think under the authorities the court erred in the position taken, and the refusal to try the damage cases as presented in the pleadings in this case, however much the parties may suffer inconvenience in subsequent trials.

The contention of A. Ledbetter and others, plaintiffs, that they suffered loss on account of inadequate water supply was properly submitted to the jury as part of plaintiffs' case for relief. There was a finding by the jury that plaintiff had sustained such loss, but this did not require judgment in favor of several plaintiffs for the damages. The jury in its findings named no amounts, and no request for the submission of these issues was made. It is true the trial court excluded those issues in sustaining the exceptions to the misjoinder of the plaintiffs of their cause of action. The amounts of such damages were neither submitted nor established by any evidence. Plaintiffs did not request the submission of any issues in regard to such amounts. Those issues in respect to the loss were properly, in a general way, submitted, and found to bear directly upon the question of the relief which the court granted by commanding the company to install additional facilities and to refrain from extending its irrigation system to additional land. This relief was expressly granted. This ruling disposes of appellees' propositions.

The reasonableness or otherwise of the uniform water contract of the Edinburg Irrigation Company was rendered wholly immaterial under the pleadings and findings of the jury. Plaintiffs' mesne pleading and amendment had no mention, as we construe it, of any water contract, and had not pleaded the unreasonableness or invalidity of any provisions, or contended for reformation of any provisions in said uniform water contract in any respect. The appellants set up the uniform water contract and its provisions in bar and in avoidance of plaintiffs' cause of action, while the plaintiffs, Ledbetter and others, excepted the water contract as constituting any defense, and pleaded specially the

provisions of the uniform water contract were unreasonable, contrary to public policy, and void. Even then. they prayed for no relief whatever. The unreasonableness therefore, of the uniform water contract was an issue only so far as concerned the validity and force of the defense of appellant, since the court did not reform the water contract or grant plaintiffs any relief against the particular provisions. If supported by proper pleadings in the main case and no findings of the jury on the issue, the evidence being satisfactory, the judgment of the court denying relief against the contract should be upheld. Raywood Rice Canal & Milling Co. v. Erp et al., 105 Tex. 161, 146 S. W. 155.

[13] The jury found that the Edinburg Irrigation Company was ready, able, and willing to furnish Ledbetter and other appellees all the water they wanted for the irrigation of their land, and the company was solvent; consequently there could not be in this suit an accounting between the Stewart interests and the Edinburg Irrigation Company for moneys owed by the former to the latter. Ledbetter and other appellees were not stockholders in the Edinburg Irrigation Company, and we find no authority in such case as this, where parties similarly situated as these appellees would have been entitled to a judgment for any amount in favor of the company against the Stewart interests, and we can conceive of no interest held by said appellees that would entitle them to an accounting as in the case of a stockholder's bill or in the case of a trust fund. We think the court granted the only relief that could be granted in such a case by its mandatory injunction.

It must be remembered that the jury found that the Edinburg Irrigation Company has been reasonably diligent to furnish itself, and will furnish itself, adequate facilities for supplying water to all lands under water contract ready for irrigation, and that it will be called upon to supply during the crop season. On this subject the court granted all the relief it had the power and authority to grant. It also reserved jurisdiction in the premises to grant any further relief that was proper.

In conclusion the Edinburg Irrigation Company was enjoined from extending its canal system to land not now covered by water contracts, and did not apply to lands that were covered by water contracts. This releases from this restriction any lands to which water had theretofore been furnished and any lands which are cleared and in condition to permit the same to be farmed under irrigation during the coming crop season. To permit the Edinburg Irrigation Company to furnish water to lands, not under water contract, provided those lands are under its irrigation system which had heretofore been furnished with water or are in condition to take immediate water service, seems to be a salu-

tary provision, and certainly is intended for the protection of persons not parties to the suit or possessed of water contracts, and any other construction than that would be to destroy its plain and evident purposes.

This leads us to the conclusion that the claims of Ledbetter and others, appellees, cannot be sustained. It is apparent from an examination of this record that much time and labor was consumed in its trial and disposition, and we can see no good reason to return it for another trial. We do not believe there is any merit in any of the assignments or cross-assignments or in any of the points, and they are each severally overruled. The judgment of the trial court is therefore affirmed.

### Appellants' Motion for Rehearing.

Appellants file a motion and supplemental motion for rehearing. In the supplemental motion, appellant contends that the judgment of this court in this case is in conflict with the following cases: McHenry, et al. v. Bankers' Trust Co. et al. (Tex. Civ. App.) 206 S. W. 560; McBride et al. v. United Irrigation Co. (Tex. Civ. App.) 211 S. W. 498, and same case on motion for rehearing (Tex. Civ. App.) 213 S. W. 988; Edinburg Irrigation Co. v. Paschen (Tex. Civ. App.) 223 S. W. 329, and by the Commission of Appeals, 235 S. W. 1088. A most casual reading of those cases will not only show there was no conflict, but will show the perfect harmony of those decisions with that of the instant case; and the motion for a rehearing is overruled.

### On Appellees' Motion for Rehearing.

Appellees' motion calls our attention to the fact that the parties were joined in said cause at their instance in seeking the relief prayed for therein, both as to the equitable relief as well as the one for damages, and urges that we erred in affirming the judgment of the trial court in sustaining the special exceptions presented and urged by the Edinburg Irrigation Company, the Stewart Farm Mortgage, the W. E. Stewart Land Company, and W. E. Stewart to the first amended original petition of plaintiffs, on the ground there was a misjoinder of parties plaintiff in said cause and a misjoinder of causes of action in so far as appellants sought to recover damages.

In our opinion we did not, on the issue raised above, undertake in any way to disparage the merits of the claim, but only in so far as the matter involved the discretion of the court to hear all the matters passed upon. We did not overlook the rule that where the issues all arise and grow out of the same matter, in a suit in equity in contradistinction to a common-law action in administering equity the court in the former class having jurisdiction of all the parties and the res should enter a complete decree. 16 Cyc. 247; 16 Cyc. 110; 10 Ruling Case Law,

p. 370, § 120; Chambers v. Cannon, 62 Tex. 293; Galveston City R. Co. v. Miller (Tex. Civ. App.) 38 S. W. 1132; Moore v. Minerva, 17 Tex. 20; Teel v. Rio Bran Oil Co., 47 Tex. Civ. App. 153, 104 S. W. 420. The record here presents such a case. If we sustain the judgment of the trial court on the question or rather on the matter of judicial discretion, it will no doubt work an irreparable injury upon the appellees, in that they could not in another suit have all the same parties and issues before the court, as some of them are nonresidents of the state. Ordinarily in exercising such a discretion it must be assumed parties would not be deprived of any right to litigate in some other suit the issues with the same parties.

As to whether or not the question of misjoinder of parties was properly raised by exceptions instead of by plea in abatement we need not consider (Oliver v. Huckins [Tex. Civ. App.] 244 S. W. 628), for we have no question but what they were properly joined in the suit. In the case of Mayhew & Isbell Lumber Co. v. Valley Wells Association, 216 S. W. 229, cited in our original opinion in this case, this court said:

"However, we are of the opinion that the actions were properly joined, especially under our liberal practice. If the contract had provided how many crates each member was to receive, there would be good ground for appellant's contention; but the contract leaves the matter of the division of the crates to the members. It follows that if separate suits were brought, and the appellant was unable to procure the consolidation thereof, it might be subjected to recoveries for damages caused by failure to deliver more crates than it was bound to deliver. Each plaintiff would view the matter from his particular standpoint and allege his damages in accordance with his views. Each might sustain his contention, and the result would be binding on appellant, but not on the members not parties to the suit. We think it is obvious that appellant was entitled to demand that all parties claiming damages under the contract should join therein, and, this being the case, it follows that it was proper to permit the joinder. Moore's Adm'r v. Minerva, 17 Tex. 20; Robbins v. Ayres, 10 Mo. 538, 47 Am. Dec. 125."

[14] If the common point of litigation be decisive of the entire matter, though the interests of the plaintiffs or the liabilities of the defendants are unconnected except by the common question, but all arising out of the same transaction may be joined when all the plaintiffs and all the defendants are interested in the same claim of right and the relief sought by the plaintiff is of the same general character. Such joinders may be necessary. 16 Cyc. 263; Yellow Pine Lumber Co. v. Carroll, 76 Tex. 135, 13 S. W. 261; Hammer v. Woods, 6 Tex. Civ. App. 179, 24 S. W. 942.

[15] Now the effect of the judgment of the trial court in sustaining the exceptions would be, as seen, to require the parties to resort to many different suits, requiring all proper parties in interest to be before the court, which would be impossible, as no suit could be maintained against a nonresident on a personal demand without bringing such person before the court on personal service. The courts abhor multiplicity of suits when all the matters are properly subjects of the jurisdiction of the court in the same equitable proceeding. Clegg v. Varnell, 18 Tex. 294; Dobbin v. Bryan, 5 Tex. 276; Craddock v. Goodwin, 54 Tex. 578; Walcott v. Hendrick, 6 Tex. 416; Railway v. Graves, 50 Tex. 181; Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 751.

[16] In view of the fact that the appellants were permitted to join in the suit, and thus are properly before the court for equitable relief, to which it was found they were entitled, complete relief should have been administered, even to determining and awarding the recovery of such damages alleged to have been sustained by reason of the failure of the Edinburg Irrigation Company to perform its alleged duty, and not drive the parties out of court—from a case in which they were properly before it for one question —to many separate and distinct suits to seek the redress they were entitled to have adjudicated in this proceeding.

The application of appellees, Ledbetter et al., will be granted to the extent of setting aside the judgment of this court in affirming the judgment of the trial court as to these appellees, and remand the cause for another trial as to them and appellant on the issue of damages discussed herein.

As to the judgment of the trial court on the question of granting the injunction, the judgment of the trial court is affirmed, and, as there is no issue between these appellees and appellee Hoit, the judgment of affirmance in all things stands as to said appellee Hoit. This cause is therefore only remanded for the trial of the issues between appellant Edinburg Irrigation Co. et al. and appellee A. Ledbetter et al. in accordance with this opinion.